A91A0394. TECHNOLOGY DISTRIBUTORS, INC. v. AMERICAN COMPUTER TECHNOLOGY, INC.
(405 SE2d 907)

BANKE, Presiding Judge.

The appellant initiated this action against the appellee pursuant to OCGA § 44-14-230 et seq., seeking to foreclose an alleged security interest in "all . . . assets of the [appellee] including but not limited to all personal property, furniture fixtures, intangible property, inventory, contract rights, accounts receivable, and all other property of any kind and all proceeds thereof. . . ." The appellee filed an answer denying that the appellant had a valid security interest in any of its property, and the case was thereafter tried without a jury. Based on the evidence introduced at the trial, the court determined that the appellant had an enforceable security interest in a mainframe computer belonging to the appellee and accordingly issued the appellant a writ of possession with respect to that property. However, the court declined to issue a writ of possession with respect to the remainder of the appellee's property, concluding that the purported security agreement pertaining to that property "merely reflect[ed] the intention of the parties to create a security interest sometime in the future," by the execution of certain documents which had never been executed. This appeal followed.

In late 1989 or early 1990, a representative of a corporation known as Libram International contacted the appellee's president, Samuel Barber, seeking to purchase certain computer equipment for delivery to a Nigerian steel company. Barber in turn contacted the appellant in an effort to purchase the equipment for resale to the Nigerian company through Libram International. On February 2, 1990, the appellant received a purchase order from the appellee for $85,695 worth of computer equipment on the following specified terms: "50% upon delivery balance in 30 days." The appellant requested "some sort of collateral" for the transaction, and on February 16, 1990, Barber signed a ten page security agreement on behalf of the appellee, conveying to the appellant a security interest in a Digital mainframe computer which it owned. This security agreement provided, inter alia, that "[d]ebtor shall, from time to time on request of secured party, execute such financing statements, notices and other documents (and pay the cost of filing or recording the same) and do such other acts and things, as secured party deems appropriate to establish, perfect, maintain and continue a valid, security interest in

and security title to the collateral. . . ."

On February 28, 1990, following further negotiations and discussions between the parties, the appellant delivered to the appellee all or most of the equipment specified in the order. At this time, the appellee tendered a check to the appellant for $10,000 as a deposit on the purchase price. However, this check was dishonored by the drawee bank due to a stop payment order issued by the appellee. In late April of 1990, Barber informed the appellant's president that the appellee could not pay for the equipment until it received payment from Libram International and that the latter had indicated that it would not release any money until the equipment was shipped to Nigeria. This was unsatisfactory to the appellant, and on April 27 it repossessed the equipment from the appellee. However, negotiations continued between the parties in an effort to save the deal; and as a result of these negotiations, the parties signed a letter agreement on May 2, 1990, specifying, in pertinent part, as follows: "[The appellee] hereby grants to [appellant] a security interest in all assets of [the appellee] current (sic) but not limited to all personal property, furniture, fixtures, intangible property, inventory, contract rights, accounts receivable, and all other property of any kind and all proceeds thereof. [The appellee] shall execute such documents as may be required by [the appellant] from time to time to evidence [the appellant's] security interest. [The appellant] shall have all rights and remedies and [the appellee] shall have all duties and obligations set forth in the 'Security Agreement' dated 02/16/90 between the parties hereto."

The equipment was shipped to Nigeria the day after this letter agreement was signed, but no payment from the appellee was forthcoming. The appellant accordingly filed the present action seeking to foreclose both security interests. This appeal concerns only the enforceability of the May 2 agreement, there being no challenge by the appellee to the court's ruling that the original security agreement of February 16 was valid and enforceable. *Held*:

"Where no matter of fact is involved, the construction of a plain and definite contract, if needed, is a matter of law for the court. . . . However, no construction is required or even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation. . . . [Moreover,] though parol evidence be admitted without objection or over objection, it is without probative value to vary terms of a written contract. [Cits.]" *Crooks v. Crim*, 159 Ga. App. 745, 748 (285 SE2d 84) (1981).

The agreement of May 2, 1990, clearly and unambiguously purports to transfer to the appellant a present security interest in all of the appellee's assets. Although the agreement obligates the appellee

to "execute such documents as may be required by [the appellant] from time to time to evidence [the appellant's] security interest," it contains no language remotely suggesting that the existence of the security interest was intended to be contingent upon the execution of such additional documents. Indeed, the original security agreement of February 16, 1990, contained the same type of provision. Accordingly, we hold that the trial court erred in concluding that the May 2 agreement was merely an unenforceable agreement to agree, rather than a presently enforceable security agreement.

*Judgment reversed. Carley and Beasley, JJ., concur.*

DECIDED MAY 28, 1991.

*Bisbee, Rickertsen & Herzog, Richard B. Herzog, Jr., Diane V. Roggen*, for appellant.

*Vaughan & Murphy, Clifford E. Hardwick IV, Lela L. Smith*, for appellee.