## A92A1649. ERIE INDEMNITY COMPANY v. LASCALA.
### (424 SE2d 820)

BIRDSONG, Presiding Judge.

Erie Indemnity Company appeals from the grant of summary judgment to plaintiff Lisa Lascala on the issue of insurance coverage. Erie is the insurer for the vehicle in which Lascala was injured while riding as a passenger and which was driven by Joan Lingrell, who was also injured. Erie's policy provides uninsured/underinsured motorist coverage limits of $250,000 per person and $500,000 per accident. The policy provides that an "underinsured" motor vehicle is "a motor vehicle [as to which] the sum of the *applicable limits* of liability under all . . . policies . . . *applicable* at the time of the accident is less than the *applicable limits* [of this policy]." (Emphasis supplied.)

The tortfeasor was John Hart. His insurer, Westfield Insurance Company, provides liability coverage with single limits of $300,000 per occurrence for personal injury and property damage. After deducting property damage paid, Westfield paid the remaining $296,963 of its per-occurrence limits to Lingrell and to appellee Lascala, so that each received half, or $148,481.50. Appellee Lascala's damages exceeded $285,000, which fact gave rise to the question whether she is entitled to coverage under Erie's underinsured motorist provision. Erie contends it owes no underinsured coverage to Lascala because Hart's vehicle is not "underinsured" according to Erie's policy language. Erie says that under Maryland law, which controls the operation of Erie's contract, the "applicable limits" of the tortfeasor's Westfield policy is the single limit of $300,000 per occurrence, which exceeds Erie's limits of $250,000 per person. Erie also contends it is entitled to a set-off of $35,000 which Lascala received from her own uninsured motorist coverage. *Held:*

1. Insurance contracts are governed by the ordinary rules of construction of contracts; where the language and meaning of the contract terms are plain and unambiguous, the court must treat it literally; and the court may resolve any ambiguities by application of the rules of construction of contract. *Southeast Atlantic Cargo Operators*

*v. First State Ins. Co.*, 197 Ga. App. 371, 372 (398 SE2d 264). Where an insurance contract is ambiguous or is capable of being construed variously, it must be construed against the insurer and in favor of the insured. *Claussen v. Aetna &c. Co.*, 259 Ga. 333 (380 SE2d 686); *American Protection Ins. Co. v. Parker*, 150 Ga. App. 732 (258 SE2d 540).

The omission by Erie of language specifically defining "applicable limits" does not deprive the underinsured provision of its reasonable meaning. The plain language is that underinsured status is determined by the "applicable" limits of all liability policies "at the time of the accident" in the particular instance to the particular insured. In this instance, the liability coverage "applicable" to appellee Lascala was one-half of Westfield's single limit coverage of $300,000 per occurrence.

The conceded effect of Westfield's single limit of $300,000 per occurrence is that Lascala got $150,000 (less property damage). It would be sophistic and uncertain to hold that the limits "applicable" to Lascala in this case were those theoretically "applicable" to both Lascala and Lingrell ($300,000) or to Lascala alone if she had been the only person injured ($300,000), when in fact she was entitled to, and got, only half that amount from Westfield. Nothing else is "applicable" to her in this instance, and it is unreasonable to base coverage on a theorization as to what might have been "applicable" to her in some other instance.

As the liability limits "applicable" to Lascala were less than $150,000 and the "applicable limits" of Erie's underinsured coverage with regard to Lascala were $250,000, we find this contract capable of only one reasonable construction, which is that Westfield's liability coverage "applicable" to Lascala is exceeded by Erie's underinsured coverage, and she is therefore entitled to coverage under Erie's underinsured provision. See *Technology Distrib. v. American Computer Tech.*, 199 Ga. App. 785, 786 (405 SE2d 907). Erie has not persuaded us that any pertinent Maryland precedent requires a different result. The trial court's ruling on this issue is affirmed.

2. Under these same authorities as to construction of contracts, we find the trial court likewise did not err in ruling that Erie was not entitled to set off the $35,000 paid by her own uninsured coverage. Erie's policy entitles her to a set-off only of the amounts "paid by or for those liable." This coverage was not paid "by" the tortfeasor Hart or "for" him. It was paid by Lascala's insurer for *her*; she is the one who paid for this coverage and she is the one who contracted for it. The fact that her insurer paid this amount in the event Hart had insufficient liability coverage does not alter the fact that this is coverage obtained by her, for her. Compare *Georgia Farm &c. Co. v. State Farm &c. Co.*, 255 Ga. 166 (336 SE2d 237).

*Judgment affirmed. Andrews, J., concurs. Beasley, J., concurs in judgment only.*

DECIDED OCTOBER 29, 1992 —
RECONSIDERATION DENIED NOVEMBER 17, 1992 

*Chambers, Mabry, McClelland & Brooks, Rex D. Smith,* for appellant.

*Jewett & Solomon, C. Lawrence Jewett, Jr., Jay I. Solomon,* for appellee.