### 56705. BONE CONSTRUCTION COMPANY, INC. et al. v. LEWIS.

QUILLIAN, Presiding Judge.

Plaintiff-appellee, Mr. Toombs D. Lewis, contracted with the defendant-appellant, Mr. Glenn S. Bone, President of Bone Construction Company, Inc., for the construction of a house. The contract was signed by Mr. Lewis and then by Mr. Bone as follows: "Contractor [Printed] Glenn S. Bone [Signature was handwritten]"

and then on the line underneath the foregoing: "Glenn S. Bone, Bone Construction Company, Inc." (Typewritten). The principal issue was whether Mr. Bone contracted with Mr. Lewis individually or as an agent for Bone Construction Company. The jury found for the plaintiff — Mr. Lewis. Mr. Bone brings this appeal. *Held:*

1. Defendant's fifth and sixth enumerations of error allege the verdict and judgment were "against the weight of the evidence." The role of an appellate court is not to pass on the weight of the evidence but the sufficiency. If there is "any evidence" to support the verdict we can not disturb it. *Hallford v. Banks,* 236 Ga. 472 (224 SE2d 35); *Smith v. Hornbuckle,* 140 Ga. App. 871, 879 (232 SE2d 149). These enumerations are meritless.

2. The remaining four enumerations of error address the charges given by the court. In a civil case, the only enumerations of error this court is authorized to consider which relate to the charge of the court, are those made by counsel before the jury returns its verdict and those with substantial error which are harmful as a matter of law. Code Ann. § 70-207 (a) & (c) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078). Counsel for defendant entered but one objection to the charges: "We object on the basis of the lack of any evidence as to any charges made under the three theories in which individual liability could be imposed on Glenn Bone." As none of the charges objected to amounted to "substantial error . . . as a matter of law," the only basis of error this court will consider in the instant case is whether there was sufficient evidence to authorize the charges.

3. Enumeration of Error 2 is based upon the ground that "such [charge] was an erroneous statement of law." This objection was not made to the trial court and will not be considered on appeal. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224).

4. The fourth enumeration of error contends the court erred in charging the jury as to Mr. Bone's liability "on the contract due to commingling of assets or merger of the entities of the corporation and Appellant [Mr. Bone]."

A corporation is a fictional legal entity, completely separate and distinct from its officers, stockholders, and shareholders. *Keller Bldg. Products v. Young,* 137 Ga.

App. 682 (1b) (224 SE2d 815). The advantageous legal concept being that it limits the liabilities of its members. See 6 EGL 179, 189, Corporations §§ 6 and 13. However, "[u]sing such expressions as 'piercing the corporate veil,' or 'looking at the substance rather than at the forms,' or 'disregarding the corporate fiction,' the courts are constantly demonstrating a willingness to disregard the separateness of the entity of a corporation where such corporation has overextended its privileges in the use of the corporate entity to defeat justice, to perpetrate fraud, or to evade statutory, contractual or tort responsibility." Kaplan's Nadler, Ga. Corporation Law 81-82, § 3-14; 6 EGL 187. See also *Keller Bldg. Products v. Young,* 137 Ga. App. 682, 685, supra.

Courts permit "piercing the corporate veil" "in situations where the parties involved have themselves disregarded the separateness of legal entities by a commingling and confusion of properties, records, control, etc." Kaplan's Nadler, Ga. Corporation Law 99, § 3-21; 6 EGL 187. It is obvious that if the individual who is the principal shareholder or owner of the corporation conducts his private and corporate business on an interchangeable or joint basis as if they were one, then he is without standing to complain when an injured party does the same. "Under such circumstances, the court may disregard the corporate entity." Kaplan's Nadler, Ga. Corporation Law 100, § 3-21. See also 46 ALR3d 428, 431, Stockholder's Personal Conduct of Operations or Management of Assets as Factor Justifying Disregard of Corporate Entity.

It is the duty of the court to charge the jury on the law applicable to the issues made by the pleadings and the evidence. *Rutland v. Jordan,* 111 Ga. App. 106 (3) (140 SE2d 498). "The evidence to authorize a jury instruction need not be substantial or direct; it is enough if there is even slight evidence consisting of inferences drawn from the testimony." *Lacy v. Ferrence,* 117 Ga. App. 139, 140 (159 SE2d 479); *Berger v. Plantation Pipeline Co.,* 121 Ga. App. 362 (4) (173 SE2d 741); *Douglas v. Rinker,* 134 Ga. App. 949, 951 (216 SE2d 629). It is the function of the trial judge to determine whether there is sufficient evidence to raise an issue requiring a charge.

Mr. Lewis testified that he made out a check for $4,500 to Mr. Bone personally and "Mr. Bone usually told me how to make the checks out . . ." On cross examination he was asked: "All right. He just told you to make it out for $4,500; is that correct? A. The figure is correct, yes, sir. But usually he tells me how he wants the checks made out, and to whom. Q. But you are not saying he told you to make it this way? A. I am not going to swear to it. No, sir." The check was indorsed: "Glenn Bone." Another check introduced in evidence was made out to "Bone Construction Co." It was indorsed: "Bone Con. Co. By G. S. Bone." Was this evidence sufficient to raise an issue requiring a charge? The trial judge determined that it was. There is some evidence to support his finding. We will not reverse. There is no merit in this enumeration.

5. A review of the evidence shows there was sufficient evidence to support the giving of the remaining charges. See *Evans v. Smithdeal,* 143 Ga. App. 287, 290 (238 SE2d 278); and Kaplan's Nadler, Ga. Corporation Law 89, § 3-17.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED OCTOBER 16, 1978 — DECIDED NOVEMBER 7, 1978.

*Cook, Noell, Bates & Warnes, J. Vincent Cook, Dan A. Aldridge, Jr.,* for appellants.
*Thomas M. Strickland,* for appellee.