64125. SOUTHERN KEYBOARDS, INC. v. WAGNON CONSTRUCTION AND ENGINEERING COMPANY et al.
64126. MILLER et al. v. SOUTHERN KEYBOARDS, INC. et al.

SOGNIER, Judge.

Southern Keyboards, Inc. obtained a judgment against Wagnon Construction and Engineering Co., d/b/a Wagnon Construction Co., Inc., a/k/a Standard Components and Modular, Inc. on June 26, 1981. Standard Components and Modular, Inc. (hereafter Standard Components) is a corporation duly registered in the State of Georgia. Wagnon Construction Co. is not a corporation but a trade name used by Standard Components. The instant garnishment action was filed on August 20, 1981 by Southern Keyboards, Inc. against Nationwide Fire Insurance Co. (Nationwide) and A. D. Landis, as garnishees, to collect the judgment against Standard Components.

Standard Components traversed the garnishment, claiming that the garnishees owed no money to Standard Components, which had ceased doing business on May 31, 1981. Wagnon and Wagnon, Inc. (also known under the trade name Wagnon Contracting Co.) was incorporated on June 1, 1981. Wagnon and Wagnon, Inc. contracted with Nationwide and Landis, the garnishees, to do construction work on Landis' fire damaged property. Pursuant to Code Ann. § 46-404, Wagnon and Wagnon, Inc. became a party to the proceeding by filing

a claim to the funds in the hands of Nationwide and Landis, claiming said funds were due it under the terms of the contract. Nationwide and Landis paid the disputed funds into court.

Barbara Miller and Irving Hitchcock also obtained a judgment against Standard Components and Modular, Inc., d/b/a Wagnon Contracting Co. on February 25, 1981. Miller and Hitchcock also filed a claim to funds of the garnishees, and became parties to the garnishment proceedings.

The case was tried by the court without a jury. The trial court entered findings of fact and conclusions of law, dismissed the claims of Miller and Hitchcock and awarded the funds paid into court by Nationwide and Landis to Wagnon and Wagnon, Inc. Southern Keyboards, Miller and Hitchcock appeal.

1. Appellant Southern Keyboards contends the trial court erred as a matter of law in failing to disburse the funds paid into court to Southern Keyboards. Southern Keyboards argues that the evidence was sufficient to "pierce the corporate veil" and that the formation of Wagnon and Wagnon, Inc. was for the purpose of avoiding payment of the judgment against Standard Components. The trial court concluded, however, that the evidence was not sufficient to authorize the court to disregard the legal entities represented by Standard Components and Wagnon and Wagnon, Inc., and that the garnishees' liability was measured by his responsibility, if any, to Standard Components.

"A corporation is a fictional legal entity, completely separate and distinct from its officers, stockholders, and shareholders. *Keller Bldg. Products v. Young,* 137 Ga. App. 682 (1b) (224 SE2d 815) . . . However . . . 'the courts are constantly demonstrating a willingness to disregard the separateness of the entity of a corporation where such corporation has overextended its privileges in the use of the corporate entity to defeat justice, to perpetrate fraud, or to evade statutory, contractual or tort responsibility.' [Cits.]

"Courts permit 'piercing the corporate veil' 'in situations where the parties involved have themselves disregarded the separateness of legal entities by a commingling and confusion of properties, records, control, etc.' [Cit.]" *Bone Constr. Co. v. Lewis,* 148 Ga. App. 61, 62 (250 SE2d 851) (1978).

The evidence in the instant case discloses that the two corporations maintained separate and distinct records, bank accounts, and billing systems. The trial court found that the contract for repairs for the Landis property was entered into between Wagnon and Wagnon, Inc. and Nationwide, that a draft was deposited into the Wagnon & Wagnon, Inc. account; and that all the bills on the project were paid by Wagnon and Wagnon, Inc.

Whether or not the corporate entity should be disregarded depends on the particular circumstances and is a matter properly for the finder of fact. *Midtown &c. Inc. v. Geo. F. Richardson, Inc.,* 139 Ga. App. 182, 185 (228 SE2d 303) (1976); *Florida Shade &c. Inc. v. Duncan,* 150 Ga. App. 34 (256 SE2d 644) (1979). The findings of a judge acting as a jury will not be disturbed if there is any evidence to support the verdict. *McDaniel Printing Co. v. Ben Meadows Co.,* 144 Ga. App. 419 (241 SE2d 58) (1977); *Azar v. Accurate Constr. Co.,* 146 Ga. App. 326 (246 SE2d 381) (1978). Thus, we find no error in the trial court's award of the funds to the claimant Wagnon and Wagnon, Inc.

2. In view of our decision in Division 1 of this opinion, the trial court properly dismissed the claim filed against the fund by Miller and Hitchcock and it is not necessary to address their enumerations of error.

*Judgments affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 21, 1982.

*John C. Dabney, Jr.,* for appellant (case no. 64125).
*Christopher D. Olmstead,* for appellants (case no. 64126).
*George M. Geeslin, William A. Dinges, Charles M. Goetz, Jr., Christopher D. Olmstead,* for appellees (case no. 64125).
*Charles M. Goetz, Jr., John C. Dabney, Jr., William A. Dinges, George M. Geeslin,* for appellees (case no. 64126).