## 66943. ANDERSON v. FORD.

DEEN, Presiding Judge.

Leander Anderson, an employee of the law firm Araguel, Sanders, Smith and Carter, was struck by a car that was negligently driven by an uninsured Alabama motorist, Mary Lee Ford, and sustained injuries to his left leg when her automobile struck the telephone booth at which he was standing. At the time of the accident, Anderson was calling his employer from the telephone booth which was located in front of a convenience store. He had parked his employer's truck in front of his apartment and jogged

approximately one hundred yards to the nearest public telephone. Anderson brought suit against Ford to recover damages for his injuries and served a copy of the complaint and summons upon Aetna Insurance Company, the insurance carrier on his employer's vehicle, claiming he was entitled to uninsured motorist benefits under the policy. Aetna answered the complaint, cross-claimed against Ford, and filed a motion for summary judgment as to Anderson's claim. Anderson appeals from the grant of summary judgment in favor of the insurance company. *Held:*

The question to be decided is whether appellant was an insured under the policy of insurance on his employer's vehicle. OCGA § 33-7-11 (b) (1) (B) (Code Ann. § 56-407.1) provides: " 'Insured' means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise; any person who uses, with the expressed or implied consent of the named insured, the motor vehicle to which the policy applies . . ." In *Gulf Am. Fire &c. Co. v. McNeal,* 115 Ga. App. 286 (154 SE2d 411) (1967), it was held that a mere user with the consent of the named insured is insured only when the insured automobile is involved in the accident, whereas the spouse or relatives of the named insured are covered even when the insured vehicle is not involved. Relying upon *Gulf,* supra, the court in *Fowler v. U. S. Fidelity &c. Co.,* 133 Ga. App. 842 (212 SE2d 486) (1975), held that the plaintiff, an officer of a corporation which had furnished her with an automobile but had not named her as an insured under its policy, could not recover under Code § 56-407.1 (b) (OCGA § 33-7-11) when she was struck by an uninsured motorist while retrieving a newspaper in her front yard. However, in *Hartford Accident &c. Co. v. Booker,* 140 Ga. App. 3 (230 SE2d 70) (1976), the plaintiff was found to be using the vehicle (a garbage truck) within the meaning of the uninsured motorist statute when he was injured while collecting garbage. The court noted that while the definition of "use" is not capable of exact definition, it does extend beyond mere physical contact to a point where control over the instrumentality is easily or reasonably at hand, especially while the vehicle is still being utilized. See also *Southeastern Fidelity Ins. Co. v. Stevens,* 142 Ga. App. 562, 564 (236 SE2d 550) (1977); for a discussion of what constitutes "use" of a motor vehicle.

In the instant case, the policy provided coverage for the named insured, Araguel, Sanders, Smith & Carter, P. C., and two additional named insureds, Patrick Araguel and Jerry Sanders, as well as the named individuals' spouses, while residents of the same household. Anderson was not a named insured and therefore would be covered, as required by statute, only while actually using the vehicle. It is

undisputed that Anderson left the vehicle parked in front of his apartment building while he went to use the telephone approximately 100 yards away. Accordingly, we find that he was using the telephone and not using the vehicle, as that word has been defined by prior decisions of this court, within the meaning of OCGA § 33-7-11 (Code Ann. § 56-407.1) and the trial court did not err in granting summary judgment in favor of the insurance company.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 13, 1983 —
REHEARING DENIED NOVEMBER 1, 1983 — 

*J. Clinton Smith, Jr.,* for appellant.
*Allen C. Levi,* for appellee.