### 76670. PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY v. HANEY et al.
(375 SE2d 293)

BENHAM, Judge.

The question to be resolved in this interlocutory appeal from the denial of appellant's motion for summary judgment is whether, under the circumstances here involved, the appellees are insureds under a policy issued by appellant. The policy was issued by appellant to a corporation. One of the cars listed on the policy, which by its terms covers vehicles owned by the corporation, is actually owned by the mother of the two minor appellees. The mother, with whom appellees reside, is divorced from and lives separately from the father, who is an employee and officer of the corporation which is the named insured under the policy. Appellees were injured while riding as passengers in a car not covered by the policy and driven by a person not associated with the corporation. Served as uninsured motorist carrier, appellant denied coverage on the ground that appellees are not insureds under the policy. That denial was based on appellant's position that appellees would be covered while riding as passengers in a car not covered by the policy only if appellees were members of the family of the named insured, and that a corporation cannot have a family. We agree and reverse.

1. Appellees' argument has not been that they are entitled to coverage as members of the family of the corporate insured, but that because their mother is the owner of a car listed on the policy, she has the status of named insured and, because they are relatives of the named insured resident in the same household, they are insureds under OCGA § 33-7-11 (b) (1) (B) no matter what car they occupy. The flaw in that argument is the equation of owner with insured.

At the heart of appellees' position is an interpretation of the opening words of OCGA § 33-7-11 (a) (1): "No automobile liability policy or motor vehicle liability policy shall be issued or delivered in this state to the owner of such vehicle or shall be issued or delivered by any insurer licensed in this state upon any motor vehicle then principally garaged or principally used in this state unless . . ." it includes uninsured motorist coverage. Appellees interpret that language

to mean that the insurance must be offered to the owner. They then reason that since their mother is the owner of a car listed in the policy, she must be the "named" insured. That interpretation ignores both the second clause of the quoted language and the realities of motor vehicle ownership. The second clause requires the inclusion of uninsured motorist coverage in every policy, not just those issued to owners, showing that the legislature contemplated that not all named insureds would be the owners of the vehicles involved. If appellees' position were correct, the owner of a vehicle leased to another would then be included in the uninsured motorist coverage procured by the lessee, even if the owner were driving a different car. We find untenable appellees' argument that their mother is a "named" insured solely because she owns one of the cars listed on the policy appellant issued to a corporation.

Appellees' efforts to show that this court has previously equated "owner" with "insured" are ineffective. In *Gulf American Fire &c. Co. v. McNeal*, 115 Ga. App. 286 (3) (154 SE2d 411) (1967), this court, quoting from a treatise, held, " 'The uninsured motorists coverage applies not only to the owner of an insured automobile but to his spouse and relatives of either if they live in his household.' " In that case, however, and in the cases cited by appellees which quote from that case, there was no distinction between owners and insureds; they were all the same. The use of the word "owner" in those contexts was correct because the owners were the named insureds, but that usage does not constitute a holding that all owners are named insureds.

*Purcell v. Allstate Ins. Co.*, 168 Ga. App. 863 (310 SE2d 530) (1983), relied upon by appellees for the proposition that the owner of a vehicle and resident relatives of the owner are insureds under the policy, does not support their position. There, the sole proprietor of a business bought a vehicle in the name of the business and insured it in the name of the business. When his wife was later injured by an uninsured motorist while she was a pedestrian, the insurer denied coverage on the ground that the named insured was "Purcell Radiator Service," not Mr. Purcell, and that Mrs. Purcell was not a relative of Purcell Radiator Service who resided in its household. This court reversed a judgment for the insurer, holding that since Purcell Radiator Service was a sole proprietorship, it was not a distinct entity, but merely a trade name used by Mr. Purcell. That being so, Mr. Purcell was the named insured and Mrs. Purcell, as his spouse resident in his household, was an insured under the policy even when she was not in the vehicle named in the policy.

An essential difference between that case and the present case is that the named insured in this case, a corporation, is a distinct entity which is capable of being the named insured in an insurance policy. This case, then, is closer in principle to *Hogan v. Mayor & Aldermen*

*of Savannah*, 171 Ga. App. 671 (320 SE2d 555) (1984). There, an officer, director, and stockholder of a corporation, after being injured while riding as a passenger in a police car, attempted to come within the definition of insured in a policy issued to the corporation. This court rejected the notion that a corporation could have family members and affirmed the judgment in favor of the insurer.

Since, as we have held above, appellees' mother, though she is the owner of a car listed on the policy under which they seek to recover, is not the named insured, appellees could recover only if their injuries were sustained while they were passengers in the car listed in the policy. Id. Appellant's statement that it would not have denied coverage if that had been the case is not inconsistent with its denial of coverage: coverage was not denied because of any dispute concerning ownership of the vehicle, but because appellees are not resident family members of the named insured.

2. Appellees have also asserted an estoppel theory based on an allegation that appellant was aware of the ownership of the car and cannot, therefore, deny coverage on the basis of nonownership. See *Christian v. Allstate Ins. Co.*, 239 Ga. 850 (239 SE2d 328) (1977). That theory is inapplicable here for the simple reason that appellant has never denied coverage of the vehicle named in the policy on the ground of nonownership or any other ground. All appellant has denied is that appellees are family members of the named insured, the corporation to which the policy was issued.

In summary, since appellees were injured while in a vehicle not covered by the policy, they would be insureds under the policy only if they were resident members of the family of the named insured; since the named insured is a corporation, it has no family, and appellees are not insureds. The trial court erred in denying appellant's motion for summary judgment.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 9, 1988.

*McLain & Merritt, William S. Sutton*, for appellant.
*Jordan & Bodner, H. Garold Jordan, Boling, Rice & Bettis, Larry H. Boling, Harper & Cooper, Thomas D. Harper*, for appellees.