### 77893. STEWART BROTHERS, INC. v. ALLEN.
#### (377 SE2d 724)

BANKE, Presiding Judge.

Stewart Brothers, Inc., sued S. Meyers & Associates, Inc., to recover an alleged account indebtedness for asphalt paving services. The complaint was subsequently amended to name the defendant corporation's president and sole shareholder, Steven Meyers Allen, as an additional defendant. Allen was alleged to have disregarded the separate legal identity of the corporation by commingling its records and finances with his own, thereby rendering himself personally liable for its debts. The case was tried before a jury, which returned a verdict in favor of Stewart Brothers on its claim against the defendant corporation. However, based on a determination that there was no evidence which would warrant the "piercing" of the "corporate veil," the trial court directed a verdict in favor of Allen, thereby prompting Stewart Brothers to file this appeal. *Held*:

1. "Courts permit 'piercing the corporate veil' 'in situations where the parties involved have themselves disregarded the separateness of legal entities by a commingling and confusion of properties, records, control, etc.' [Cits.] It is obvious that if the individual who is the principal shareholder or owner of the corporation conducts his private and corporate business on an interchangeable or joint basis as if they were one, then he is without standing to complain when an injured party does the same. 'Under such circumstances, the court may disregard the corporate entity.' [Cits.]" *Bone Constr. Co. v. Lewis*, 148 Ga. App. 61, 63 (250 SE2d 851) (1978).

No evidence whatever was introduced in this case to suggest that Allen commingled or confused the defendant corporation's records, assets, or finances with his own. Although there was evidence that Allen had repeatedly borrowed corporate funds by writing himself checks on the corporate checking account, these checks were clearly identified as loans in the checkbook, and it was shown that Allen had periodically made deposits to the corporate account towards the repayment of these loans. Absent any indication that Allen had commingled the corporation's finances with his own, appropriated the corporation's assets to his personal use, or otherwise used the corpo-

ration as a "mere instrumentality" for the transaction of his own personal affairs, we conclude that the existence of these clearly identified loans was not in and of itself sufficient to evidence a disregard by Allen of the corporation's separate identity. We accordingly hold that the trial court did not err in granting Allen's motion for directed verdict. Accord *Earnest v. Merck*, 183 Ga. App. 271 (358 SE2d 661) (1987); *Jenkins v. Judith Sans Intl.*, 175 Ga. App. 171 (1) (332 SE2d 687) (1985). Compare *Abbott Foods v. Elberton Poultry Co.*, 173 Ga. App. 672 (327 SE2d 751) (1985) (where the president and principal shareholder of the corporation had not only paid himself "salary advances" from the corporation's checking account, but had used the corporation's funds to purchase another company's stock in his own name — with the proceeds going to the corporation's only other shareholder — and to make loan and insurance payments on his personal automobile); *Sheppard v. Tribble Heating &c.*, 163 Ga. App. 732 (1) (294 SE2d 572) (1982) (where the defendant had intermingled his personal finances with those of the corporation by depositing checks from the sale of corporate property to his personal bank account and by using the corporation's assets to purchase land in his own name and to pay off personal loans).

2. The appellant contends that the trial court erred in disallowing certain evidence pertaining to another corporation which Allen had formed at about the same time the corporation named as a defendant in the present action became insolvent. In the absence of any showing that the assets of the defendant corporation were improperly channeled into this new corporation or that the finances or business dealings of the two companies somehow were confused or intermingled, we conclude that there was similarly no basis upon which this new corporation could be considered anything other than a separate legal entity. Accord *Southern Keyboards v. Wagnon Constr. &c. Co.*, 163 Ga. App. 590, 591 (295 SE2d 558) (1982); *Trans-State v. Barber*, 170 Ga. App. 372 (1) (317 SE2d 242) (1984). We accordingly hold that proffered evidence was properly disallowed as irrelevant to the issues being tried.

3. The trial court similarly did not err in disallowing as irrelevant certain evidence regarding unpaid judgments which had previously been entered against the defendant corporation. These judgments merely demonstrated, if anything, that the corporation was unable to pay its debts. If such evidence were considered sufficient in and of itself to warrant piercing the corporate veil, that veil would be thin indeed.

*Judgment affirmed. Birdsong and Beasley, JJ., concur.*

DECIDED JANUARY 10, 1989.

*Robin S. Nash*, for appellant.
*Edwin L. Hoffman*, for appellee.