A92A1170. BERNARD et al. v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY.
(426 SE2d 29)

BEASLEY, Judge.

In this summary judgment action decided in favor of the insurer, the issue is whether appellants' decedent, although not a named insured, was covered under the uninsured motorist provisions of a policy of automobile liability insurance issued to a corporation.

At the time of his death, the decedent was an officer in a corporation known as Louis Isaacson's, Inc. His wife serves as the president and chairperson of the board of directors. The corporation owned two vehicles, both of which were insured under an automobile policy issued by appellee. The Bernards owned no vehicles personally; they used only the two belonging to the corporation. On the afternoon in question the decedent left the business location driving in a corporate-owned vehicle to perform certain business errands, including corporate banking and stopping at his home to collect any business-related mail. While he was standing in the vicinity of the front yard of his home, he was struck and killed by a vehicle being operated by Bobette Cooper. The corporate car was parked about 50 feet from the site of impact.

Appellants filed suit against Ms. Cooper, whose vehicle was insured under a motor vehicle liability policy providing limits of $100,000 to cover appellants' claims. Asserting that the decedent was also covered under the policy insuring the corporate vehicle, appellants joined appellee as the uninsured/underinsured motorist carrier under OCGA § 33-7-11 (d). That policy carried uninsured motorist benefits of $500,000.

The declarations page of the policy named only the corporation as insured; no individuals were specified. The section providing uninsured motorist coverage specifies: "Under this coverage we will pay amounts for bodily injury and property damage that you or your legal representative are legally entitled to recover as damages from the

owner or driver of an uninsured motor vehicle. Damages must result from an accident arising out of the ownership, maintenance, or use of the uninsured motor vehicle. . . . Anyone else is protected while occupying: (1) your auto. . . ." The words "you" and "your" are defined in the policy to "mean or refer to the policyholder first named in the attached Declarations, and include that policyholder's spouse if living in the same household."

Thus, the policy distinguishes between two classes of insureds: (1) those who are covered by virtue of their status as policyholder or legal representative of the policyholder, whether or not the insured vehicle was involved in the accident, and (2) those who are covered as an occupier of a covered vehicle.

1. Coverage was not afforded appellants' decedent by virtue of his status as a corporate officer. *Fowler v. U. S. Fidelity &c. Co.*, 133 Ga. App. 842 (212 SE2d 486) (1975), held that an officer of a corporation who had been furnished a corporate car but had not been named as an insured under its policy, could not recover under OCGA § 33-7-11 for injuries sustained when struck by an uninsured motorist while retrieving a newspaper from her front yard. Likewise, *Hogan v. Mayor &c. of Savannah*, 171 Ga. App. 671, 672 (1) (320 SE2d 555) (1984), held that an officer of a corporation who was not a named insured under a policy insuring the corporate vehicle and was not occupying the vehicle at the time of his injury was not entitled to underinsured motorist benefits. Accord *Chastain v. U. S. Fidelity &c. Co.*, 199 Ga. App. 86 (403 SE2d 889) (1991); *Pa. Lumbermens Mut. Ins. Co. v. Haney*, 189 Ga. App. 216 (1) (375 SE2d 293) (1988); *Fowler v. U. S. Fidelity &c. Co.*, 133 Ga. App. 842 (212 SE2d 486) (1975). In *Purcell v. Allstate Ins. Co.*, 168 Ga. App. 863 (310 SE2d 530) (1983), on the other hand, a sole proprietor was considered a named insured under a policy issued in the trade name. A sole proprietorship was distinguished from a corporation on the basis that the former is not a distinct entity.

2. Appellants nonetheless contend that the decedent was "using" the car and was therefore afforded coverage by virtue of OCGA § 33-7-11 (b) (1) (B). We have held that use of the vehicle within the contemplation of a liability policy or statute " 'would seem to extend at least to the point, beyond physical contact, where control over the instrumentality is easily or reasonably at hand, and particularly when it is still being "utilized." ' " *Hartford Accident &c. Co. v. Booker*, 140 Ga. App. 3, 4 (1) (230 SE2d 70) (1976). This was not the situation here. The decedent had parked, exited, and relinquished control of the vehicle. Accord *Anderson v. Ford*, 168 Ga. App. 684 (309 SE2d 854) (1983). Compare *Hartford Accident*, supra, where plaintiff was found to be using an insured vehicle (a garbage truck) within the statutory definition after he alighted from the vehicle carrying a refuse

collection container, as such was " 'an essential transaction in connection with the use' of the garbage truck. . . ." Id. at 5.

3. We next consider whether appellants' decedent was entitled to the protections afforded a named insured under the policy, as "legal representative" of the named policyholder.

Appellants assert that the term "legal representative," as it appears in the policy should be construed to include corporate officers. The term "legal representative" means, "in its broadest sense, . . . one who stands in place of, and represents the interests of, another. A person who oversees the legal affairs of another." Black's Law Dictionary 896 (6th ed. 1990). The "provision is inserted in policies of insurance to meet any change in the title caused by the death of the insured. . . ." *Queen Ins. Co. v. Peters*, 10 Ga. App. 289, 293 (73 SE 536) (1911).

Mandatory uninsured motorist protection must be provided under OCGA § 33-7-11 (a) (1) to a category of "insureds" as defined by OCGA § 33-7-11 (b) (1) (B) to include: "the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise; any person who uses, with the expressed or implied consent of the named insured, the motor vehicle to which the policy applies . . . or the personal representative of any of the above." The policy language deviated from the statutory language by its use of the term "legal representative" as opposed to "personal representative" in the first category of insureds, i.e., those who are covered while in a motor vehicle *or otherwise*. "Personal representative" is defined in Black's Law Dictionary, supra at 1302, as one "who manages affairs of another because of incapacity or death. Includes executor, administrator, successor, personal representative, special administrator, and persons who perform substantially the same function under the law governing their status."

No Georgia case has included corporate officers within the definition of legal or personal representative as used in a policy of automobile insurance. On the contrary, we have held that the term "personal representative" under OCGA § 33-7-11 (b) (1) (B), "is intended to refer to the parties who hold a fiduciary relationship to an insured who has sustained bodily injuries." *Hogan*, supra at 674. In the present policy, the term conveyed a right of recovery to appellants as executor and heirs of the decedent's estate only to the extent that the decedent was protected by the policy. It did not place decedent in the category of named insured pursuant to his status as an officer of the corporation.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 18, 1992 —
RECONSIDERATION DENIED DECEMBER 1, 1992

*Curtis A. Thurston, Jr.*, for appellants.
*Regina N. Kane, Freeman & Hawkins, William H. Major III*, for appellee.