A03A1514. BONNER et al. v. BRUNSON et al.
(585 SE2d 917)

ANDREWS, Presiding Judge.

Fred Bonner and Bonner Roofing & Sheet Metal Company, Inc. (collectively Bonner) sued T. I. Brunson, LLC and Thomas I. Brunson, individually, to collect over $288,000 claimed due for roofing work done pursuant to a subcontract with the LLC on a condominium construction project on which the LLC acted as the general contractor. At issue is Bonner's claim that Thomas Brunson (the owner and controlling member of the LLC) is personally liable for the alleged debt of the LLC because he abused the form of the LLC and is therefore no longer protected by the veil of a separately maintained LLC.[1] Because we find no evidence in the record to support this claim, we conclude Brunson was not personally liable and affirm the trial court's grant of summary judgment in favor of Brunson, individually.[2]

Just as the so-called "corporate veil" protects an individual shareholder of a corporation from personal liability for the debts of the separate corporate entity (so long as the corporate forms are maintained) so is a member of a limited liability company (LLC) "veiled" from personal liability for the debts of the separately maintained LLC entity. *Yukon Partners v. Lodge Keeper Group*, 258 Ga. App. 1, 5-6 (572 SE2d 647) (2002); OCGA §§ 14-11-303; 14-11-1107 (j). In order to pierce this veil and hold Brunson personally liable for the alleged debt of the LLC, there must be evidence that he abused

---

[1] Brunson became owner and controlling member with a 100 percent interest in the LLC about five months before this litigation was commenced when he purchased the 50 percent interest in the LLC held by Luree Bonner, Fred Bonner's wife.

[2] The trial court previously granted summary judgment to Brunson on Bonner's claim that he was personally liable for the alleged debt pursuant to an indemnity agreement.

the forms by which the LLC was maintained as a separate legal entity apart from his personal business. *Fuda v. Kroen*, 204 Ga. App. 836, 837 (420 SE2d 767) (1992). A court may disregard the separate LLC entity and the protective veil it provides to an individual member of the LLC when that member, in order to defeat justice or perpetrate fraud, conducts his personal and LLC business as if they were one by commingling the two on an interchangeable or joint basis or confusing otherwise separate properties, records, or control. *Stewart Bros., Inc. v. Allen*, 189 Ga. App. 816 (377 SE2d 724) (1989); *Bone Constr. Co. v. Lewis*, 148 Ga. App. 61 (250 SE2d 851) (1978); *Clark v. Cauthen*, 239 Ga. App. 226, 228 (520 SE2d 477) (1999).

Bonner contends that various conduct by the LLC and Brunson supports piercing the LLC veil and holding Brunson personally liable.

Bonner argues that construction loan draw requests submitted to the lender through December 1999 on behalf of the LLC showed work done by Bonner, but that none of the money was paid to Bonner and excessive sums were paid to a Brunson-owned corporation, which was a subcontractor for heating and air work on the project. The draw requests show the Brunson corporation was paid slightly more than the amount it was due for work performed through the end of 1999, but there is no evidence that Brunson's corporation was overpaid for the subsequent total amount of work it performed on the project. In any event, evidence of overpayment to Brunson's corporation would not be evidence that Brunson, individually, confused his personal affairs with the LLC. *Fuda*, 204 Ga. App. at 838-839. There is no evidence that the LLC used money from the draw requests for other than payment to subcontractors for work on the project. And the record shows that no payments were made to Bonner during the period of the draw requests at issue because Bonner indicated it wanted no payments for work performed until it submitted a bill at the end of June 2000. There is nothing in the draw request evidence that shows the LLC form was abused or that Brunson commingled or confused his personal affairs with the business of the LLC.

Bonner claims Brunson commingled LLC funds with his personal funds by taking a $360,000 check from the LLC. The record shows that in March 1999 the LLC wrote checks in the amount of $360,000 to Brunson and in the amount of $150,000 to Luree Bonner, Fred Bonner's wife, who at the time was a member of the LLC holding a 50 percent interest. The only evidence in the record as to the purpose of these checks was Brunson's affidavit. In it Brunson states that, because of the system used for construction draws, the LLC had substantial sums in its operating account in excess of the LLC's obligations at the time. Rather than retain the excess in the LLC's non-interest bearing operating account, the LLC issued the checks with

the agreement that the money would be repaid in full to the LLC when obligations came due. Brunson repaid $335,000 in less than a month and the remaining $25,000 in early December 1999. Luree Bonner also repaid the entire $150,000. According to Brunson, no interest was paid to the LLC on either of the sums because any interest earned on the funds while held by him or Luree Bonner was considered repayment of interest on funds previously loaned by them to the LLC or compensation for work they did on behalf of the LLC. The uncontradicted evidence shows that the LLC's money was paid to Brunson and repaid by him to the LLC under an agreement which maintained the LLC and its property as separate from Brunson's personal account.

Bonner contends Brunson treated LLC funds as his own when Brunson's wife, the LLC's bookkeeper, wrote 16 LLC checks to cash totaling about $3,700. The record shows that the seven checks which Bonner specifically cites to in the record provided cash to pay for casual labor or security services for the project. Bonner does not identify the remaining nine checks but cites to a list of nearly a thousand checks written on the project, about forty of which were written to cash, which showed the cash was used to pay for various items on the project. There is no basis for concluding these LLC funds were used by Brunson for his personal affairs.

Bonner claims Brunson used LLC funds to have work done on his house. Brunson's affidavit shows that one of the subcontractors on the LLC's project also did personal work for Brunson at his house. The subcontractor submitted a single bill for $1,080 for all the work, and the LLC mistakenly paid the entire bill which included $408 for the work at Brunson's house. When the error was discovered, it was corrected and Brunson was billed by the LLC for the $408. There was no evidence of abuse of the LLC form or commingling of properties.

Finally, Bonner contends that at least six payments made by the LLC to Brunson's separate corporation (a heating and air subcontractor on the project) were not related to heating and air work on the project. Even if there was evidence that the payments showed an abuse of the separate LLC and corporate forms, this would have no bearing on Bonner's claim that Brunson abused the forms legally separating the LLC from his personal affairs. *Fuda*, 204 Ga. App. at 838-839. In any event, we decline to consider the payments at issue. In support of this contention, Bonner argues only that there is an absence of evidence showing what the payments were for and cites to a 28-page list of checks in the record showing about a thousand checks written by the LLC for various purposes on the project, apparently hoping we will sift through all the checks to find and address the six or more payments. See Court of Appeals Rule 27 (c) (3).

In the absence of any evidence that Brunson abused the form of

the LLC by commingling or confusing LLC business with his personal affairs, the trial court correctly granted summary judgment dismissing the claim that Brunson was personally liable for the alleged debt of the LLC. *Stewart Bros.*, 189 Ga. App. 816; *Bone Constr. Co.*, 148 Ga. App. at 61; *Clark*, 239 Ga. App. at 228.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED JULY 28, 2003 — ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Bouhan, Williams & Levy, Walter C. Hartridge, Edgar P. Williams, David M. Conner*, for appellants.

*McCorkle, Pedigo & Johnson, David H. Johnson*, for appellees.