**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 20, 2026**

# In the Court of Appeals of Georgia

A26A0526. STATE FARM MUTUAL AUTOMOBILE
 INSURANCE COMPANY v. BARNOR-COOPER.
A26A0550. GEICO INDEMNITY COMPANY v. BARNOR-
 COOPER.

MCFADDEN, Presiding Judge.

After we granted their applications for interlocutory appeal, State Farm Mutual Automobile Company and GEICO Indemnity Company filed these appeals from the order denying their motions for summary judgment in Charity Barnor-Cooper's personal injury action. We hold that under the plain language of the insurance policies at issue, Barnor-Cooper is not entitled to uninsured motorist coverage. So we reverse in both cases.

1. *Background*

"In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Philadelphia Indem. Ins. Co. v. Eubanks*, 378 Ga. App. 837, 840(2) (927 SE2d 518) (2026) (citation modified).

So viewed, the record shows that Barnor-Cooper was injured in a motor vehicle collision with a hit-and-run driver. At the time, Barnor-Cooper was making a delivery for her employer, Coopers TR, LLC, her husband's company. She was driving a Buick Lacrosee that she had rented through the car-sharing company Turo.[1]

Barnor-Cooper filed a complaint for damages against the unknown other driver. She served State Farm and GEICO with the complaint in order to seek uninsured motorist benefits. State Farm had issued a policy to her employer, Coopers TR. GEICO insured the Buick that Barnor-Cooper was driving at the time of the collision.

---

[1] Turo is "an online platform through which individuals can rent out their personal vehicles." *Becky's Broncos, LLC v. Town of Nantucket*, 138 F4th 73, 77 (1st Cir. 2025).

State Farm and GEICO answered the complaint and each filed a motion for summary judgment. The trial court denied the motions in a single order, we granted the insurers' applications for interlocutory appeal, and these appeals followed.

2. *State Farm*

State Farm argues that it is entitled to summary judgment because the Buick was not a covered vehicle and because Barnor-Cooper was not an insured under the terms of the policy it had issued to her employer. We agree.

"[A]n insurance policy is simply a contract, which should be construed as any other type of contract." *Lima Delta Co. v. Global Aerospace*, 338 Ga. App. 40, 42(1) (789 SE2d 230) (2016) (citation modified). "If the language [in an insurance policy] is unambiguous and but one reasonable construction is possible, the court will enforce the contract as written." *Rucker v. Columbia Nat'l Ins. Co.*, 307 Ga. App. 444, 447(1)(b) (705 SE2d 270) (2010) (citation modified).

The State Farm policy issued to Coopers TR listed Coopers TR as the named insured and listed a Dodge Grand Caravan and a Jeep Gladiator as the covered vehicles. At the time of the collision, Barnor-Cooper was driving the Buick because

her husband was in possession of the Jeep Gladiator and the Dodge Grand Caravan had been sold.

Barnor-Cooper argues that she is an insured under the State Farm policy because the Buick was a "temporary substitute car" as defined in the policy. She argues that the Buick was a "temporary substitute car" because she was driving it due to mechanical issues with the Dodge Caravan. But under the language of the policy, the Buick was not a temporary substitute car because the Dodge Caravan had been sold, regardless of the reason for the sale.

The State Farm policy defines "Insured" in the uninsured-motor-vehicle-coverage section to mean:

a. any person while occupying:

> (1) a your car for which a premium for that your car is shown under "Coverage Symbol U" or "Coverage Symbol UE" in the "POLICY PREMIUM" schedules on the Declarations;
> (2) a newly acquired car; or
> (3) a temporary substitute car that is temporarily replacing a car described in (1) or (2) above.

4

b. any person or organization entitled to recover compensatory damages as a result of bodily injury to an insured as defined in a. above. (Emphasis omitted).

In the general definitions section, the policy defined "temporary substitute car" as "a car that is the lawful possession of the person operating it and that: 1. replaces a your car or a newly acquired car for a short time while that car is out of use due to its: a. breakdown; b. repair; c. servicing; d. damage; or e. theft; and 2. neither you nor the person operating it own or have registered." (Emphasis omitted). The policy defined "your car" as "the car or cars shown in the 'VEHICLE SCHEDULE' on the Declarations[,]" and explicitly provided that, "Your Car *does not include a car that you no longer own* or lease." (Emphasis omitted and added).

It is undisputed that Coopers TR no longer owned the Dodge at the time of the collision because it had been sold before then. So the Dodge was no longer a "your car" under the plain language of the insurance contract ("Your Car does not include a car that you no longer own. ..."). And since the Dodge was no longer a "your car," the Buick was not a temporary substitute car for a "your car". Barnor-Cooper is not entitled to uninsured motorist benefits under the State Farm policy.

Barnor-Cooper argues that, in effect, she was the named insured under the policy because Coopers TR, the named insured as shown on the policy, is simply a trade name; her husband is its sole owner; and she is a manager. Coopers TR is a domestic limited liability company registered under Georgia law, not simply a trade name for an individual. "[A] limited liability company is a separate legal entity from its owners. ..." *Sentinel Ins. Co./The Hartford v. USAA Ins. Co.*, 335 Ga. App. 664, 667 (782 SE2d 718) (2016). And a limited liability company, "unlike [a] sole proprietorship [is] capable of being the true named insured on a contract." Id. Barnor-Cooper is not effectively a named insured on the policy.

Barnor-Cooper argues that State Farm is estopped from denying coverage because Coopers TR was still paying insurance premiums for the Dodge, and State Farm accepted the payments. But she fails to point to any evidence that Coopers TR informed State Farm or that State Farm otherwise knew of Coopers TR's sale of the Dodge when it accepted any premium payments. See *Christian v. Allstate Ins. Co.*, 239 Ga. 850, 852-53 (239 SE2d 328) (1977) (insurer could not deny coverage on a vehicle as a non-owned vehicle when it knew vehicle was not owned by named insured but collected premiums on the vehicle anyway); *S.C. Ins. Co. v. Hunnicutt*, 105 Ga. App.

6

257, 259(2) (124 SE2d 315) (1962) (insurer waived exclusion when it had knowledge of the facts creating the exclusion and, with such knowledge, accepted and retained increased premiums). Absent evidence of such knowledge, Barnor-Cooper has not shown an estoppel.

The trial court erred in denying State Farm's motion for summary judgment.

3. *GEICO*

GEICO argues that the trial court erred in denying its motion for summary judgment because, contrary to the trial court's ruling, the undisputed evidence showed that Barnor-Cooper rented the Buick through Turo, and therefore the Buick was excluded from coverage. We agree.

"[I]f the policy exclusions are unambiguous they must be given effect even if beneficial to the insurer and detrimental to the [purported] insured. We will not strain to extend coverage where none was contracted or intended." *Philadelphia Indemnity Ins. Co.*, 378 Ga. App. at 841(2) (citation modified). The GEICO policy expressly excluded uninsured motorist coverage for "any motor vehicle operated, maintained or used as part of personal vehicle sharing facilitated by a personal vehicle sharing program." It defined "personal vehicle sharing program" as "a business,

7

organization, network or group facilitating the sharing of private passenger vehicles for use by individuals or businesses."

Barnor-Cooper testified at her deposition that she rented the Buick through the car-sharing company Turo. So under the plain language of the exclusion, she is not entitled to uninsured motorist benefits under the GEICO policy.

Without citing support in the record, Barnor-Cooper argues that the owner of the Buick allowed her to borrow it, so her use of the car was not "facilitated" by "a personal vehicle sharing program." She bases her argument on the fact that when she went to pick up the car she had reserved with Turo, the owner gave her a different car to use, the Buick. But she unequivocally testified that she rented the Buick through Turo when the other car was not available. She points to no evidence that the owner of the Buick allowed her to use the Buick without payment. In any event, even though Barnor-Cooper reserved a different car through Turo, her rental of the Buick was still "facilitated" by Turo and so falls within the exclusion. See https://www.merriam-webster.com/dictionary/facilitate (retrieved May 5, 2026) (defining "facilitate" as "to make (something) easier" or "to help bring (something) about").

8

Barnor-Cooper argues that the exclusion is contrary to Georgia law. We disagree. Georgia law specifically provides that a motor vehicle liability insurer "may exclude any and all coverage[, including uninsured motorist coverage,] for any claim afforded under a shared vehicle owner's motor vehicle liability insurance policy. ..." OCGA § 40-1-223(a)(3). See also OCGA §§ 40-1-220(11) (defining "shared vehicle owner" as "the registered owner of a vehicle made available for sharing through a peer-to-peer car-sharing program"); 40-1-223(b) ("Nothing in this part shall be construed to invalidate or limit an exclusion contained in a motor vehicle liability insurance policy ... that excludes coverage for motor vehicles made available for rent, sharing, or hire. ..."). The exclusion was permissible under Georgia law.

Because Barnor-Cooper rented the Buick through Turo, it was excluded from coverage under GEICO's policy, and the trial court erred in denying GEICO's motion for summary judgment.

*Judgments reversed. Watkins and Padgett, JJ., concur.*