69152. GEORGIA FARM BUREAU MUTUAL INSURANCE
COMPANY v. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY et al.
(328 SE2d 737)

POPE, Judge.

Plaintiff Hattie Lee Hudson brought this negligence action seeking damages against defendant Milton Costley. Georgia Farm Bureau Mutual Insurance Company (Farm Bureau) and State Farm Mutual Automobile Insurance Company (State Farm) were both served with second originals of the complaint and both filed responsive pleadings. The facts, as stipulated by the parties, show that on May 15, 1982 plaintiff was a passenger in an automobile driven by Andrew W. Morris. On this date an automobile driven by defendant collided with the Morris automobile causing plaintiff to sustain injuries to her person. As is pertinent to this action, Morris was insured by Farm Bureau for up to $10,000 uninsured motorist coverage; plaintiff was insured by State Farm for up to $10,000 uninsured motorist coverage; and defendant was insured by State Auto Mutual Insurance Company for up to $10,000 personal injury coverage. Plaintiff in this case is claiming uninsured motorist benefits of $10,000 over and above the $10,000 available from defendant's personal injury coverage. Following motions for summary judgment by both Farm Bureau and State Farm, the trial court found that there exists uninsured motorist coverage in the amount of $10,000, and ordered that this coverage be prorated equally between Farm Bureau and State Farm, each insurer to be responsible for coverage up to $5,000. No party challenges the correctness of the trial court's finding $10,000 in uninsured motorist coverage, and we find no error. See *State Farm Mut. Auto. Ins. Co. v. Hancock*, 164 Ga. App. 32 (295 SE2d 359) (1982). The issue presented by this appeal is to determine whether one uninsured motorist carrier, Farm Bureau or State Farm, is responsible for covering plaintiff's loss or whether, as held by the trial court, each carrier has responsibility for the loss on a pro rata basis.

"An insured has long been allowed to stack his multiple policies of uninsured motorist coverage where the tortfeasor was uninsured 'to

recover his actual loss that was within the limits of the multiple policies.' [Cits.] Moreover, the courts further prohibited all attempts in insurance policies to prevent stacking. [Cits.]" *State Farm Mut. Auto. Ins. Co. v. Hancock,* supra at 32-33. Since the 1980 amendment to the Uninsured Motorist Act, an "uninsured motor vehicle," in addition to being defined as one carrying no liability insurance, is also defined as "a motor vehicle [of tortfeasor] . . . as to which there is: . . . (ii) Bodily injury liability insurance . . . with limits of coverage which are less than the limits of the uninsured motorist coverage provided under the insured's [injury party's] insurance policy, but the motor vehicle shall only be considered to be uninsured for the amount of the difference between the limits of the bodily injury liability insurance . . . coverages on such motor vehicle and the limits of the uninsured motorist coverage provided under the insured's motor vehicle insurance policy . . . ." OCGA § 33-7-11 (b) (1) (D). This statute is designed to protect the insured as to his actual loss within the limits of the policy or policies of which he is the beneficiary. *State Farm Mut. Auto. Ins. Co. v. Murphy,* 226 Ga. 710, 714 (177 SE2d 257) (1970); *State Farm Mut. Auto. Ins. Co. v. Hancock,* supra at 34. Accordingly, since plaintiff Hudson was an "insured" under the uninsured motorist coverage provided by both her insurer State Farm and Morris' insurer Farm Bureau, she is entitled to uninsured motorist coverage for her actual loss up to $20,000. Applied to the facts in this case, the alleged tortfeasor's (defendant Costley's) bodily injury coverage of $10,000 was properly deducted, or set off, from plaintiff's uninsured motorist coverage of $20,000, leaving plaintiff with uninsured motorist coverage of $10,000.

Both insurers agree that, under the facts of this case, Farm Bureau provides primary uninsured motorist coverage and State Farm provides excess coverage. The dispute between these carriers concerns which insurer is entitled to the $10,000 set-off mandated by OCGA § 33-7-11 (b) (1) (D) (ii). Farm Bureau argues that its position as primary carrier entitles it to the entire amount of the set-off. State Farm counters this argument by noting that if defendant were totally uninsured, its coverage would not be applicable until Farm Bureau's coverage had been exhausted. State Farm thus asserts that since its $10,000 uninsured motorist coverage in such a situation would be "protected" until Farm Bureau's $10,000 uninsured motorist coverage had been exhausted, its coverage in the instant *underinsured* situation should likewise be "protected." We find neither argument persuasive. Rather, we find the trial court's resolution of this problem both fair and just under the circumstances in this case.

The statute, OCGA § 33-7-11, provides no guidance for resolution of the issue in this case. Likewise, our research has disclosed no case law which is controlling. However, we find the analysis of Presiding

Judge Hall in *Southern Home Ins. Co. v. Willoughby*, 124 Ga. App. 162 (182 SE2d 910) (1971), to be helpful in resolving the issue. In that case this court held: "Where two or more automobile liability insurance policies afford basic coverage, but each contains a clause attempting to either escape from or become merely excess coverage if there is other available insurance, the complete and literal intent of each cannot be given effect. However, the general intent not to be liable for the entire loss is achieved by pro-rating liability as provided by the respective policies." Id. Presiding Judge Hall noted: "Pro-rating has been criticized as an easy way out which ignores the contractual intent of the parties. Naturally, seeking and then enforcing the intention of the parties, regardless of technical rules of construction, is a cardinal rule. [OCGA § 13-2-3.] But which parties and which intentions must we effect? We surely cannot decide on a case to case basis, depending upon what seem to be the equities among the people involved in the collision. Just as a contract must be read as whole, two or more applicable contracts must be read together in order to arrive at a 'true interpretation.' [OCGA § 13-2-2.]" Id. at 166.

While the intent of the policies here clearly is that Farm Bureau shall provide primary uninsured motorist coverage up to $10,000 and State Farm excess coverage of $10,000, neither policy addresses the circumstances of the set-off allowed by OCGA § 33-7-11. Pro-rating the set-off in this case gives at least partial effect to the intent of both insurers, rather than to give complete effect to the intention of one insurer while completely disregarding the intention of the other. That is, pro-rating the set-off between the insurers in this case gives effect to the common intent that State Farm's excess coverage shall be triggered only to the extent that Farm Bureau's primary coverage is insufficient to cover plaintiff's loss. "This result is not only equitable, but preferable to some rule which is logically acceptable only when considered in a vacuum." Id. at 166. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 4, 1985 —
REHEARING DENIED MARCH 14, 1985 —

*Morton G. Forbes*, for appellant.
*Rex D. Smith, Robert R. Gunn, Thomas W. Tucker*, for appellees.