42140. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
(336 SE2d 237)

SMITH, Justice.

Hattie Lee Hudson, plaintiff, sued Milton Costley, defendant, for injuries caused when Costley's car collided with the car in which Ms. Hudson was riding. State Farm, as the insurer of Hudson, and Georgia Farm, as the insurer of the driver of the car in which Ms. Hudson was riding, subsequently became parties to the action. We granted certiorari to consider the Court of Appeals' affirmance of the trial court's proration of the liability in excess of Costley's liability coverage between the company providing Hudson's uninsured motorist coverage, State Farm, and the company providing Hudson's host's uninsured motorist coverage, Georgia Farm. *Ga. Farm Bureau Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 173 Ga. App. 844 (328 SE2d

737) (1985). We find Hudson's insurer initially liable for the damages in excess of Costley's liability coverage in this situation.

State Auto Mutual Insurance Co. provided $10,000 personal injury coverage to Costley. State Farm provided $10,000 uninsured motorist coverage to Hudson. Georgia Farm provided $10,000 uninsured motorist coverage to Hudson's host driver. As the Court of Appeals noted, Ms. Hudson is entitled to $10,000 uninsured motorist coverage: $20,000 total uninsured motorist coverage offset by the $10,000 liability insurance coverage actually available to her. *Ga. Farm*, supra at 844. The trial court and the Court of Appeals split the benefit of the $10,000 offset equally between two uninsured motorist carriers.

The Court of Appeals correctly noted, in addition, "OCGA § 33-7-11, provides no guidance for resolution of the issue in this case." *Ga. Farm*, supra at 845. In such a case, this court may fashion a rule to fill the void. See, e.g., *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). While the trial court and the Court of Appeals certainly reached an equitable result in a case of first impression, we hold that Hudson's carrier, State Farm, should bear the $10,000 in damages exceeding the liability coverage and available under the law regulating uninsured motorist coverage in this state. The insurance company receiving a premium from Hudson will be responsible for compensating Hudson under her policy. In addition, this holding should simplify such cases in the future by reducing the number of parties, and thus lawyers, involved.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 19, 1985.

*Ranitz, Mahoney, Forbes & Coolidge, Morton G. Forbes,* for appellant.

*Rex D. Smith, Robert R. Gunn II, Thomas W. Tucker,* for appellees.