73177. ALLSTATE INSURANCE COMPANY v. FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT.
(353 SE2d 38)

CARLEY, Judge.

The issue for determination in the instant appeal is the relative obligations as between two insurers to provide uninsured motorist coverage to an insured. That issue arises under the following set of facts: Mrs. Frieda Dubberly was injured in a two-car collision. It is undisputed that, under the circumstances of the collision, Mrs. Dubberly would be an insured for uninsured motorist coverage under two policies, one of which had been issued by appellant Allstate Insurance Company and the other of which had been issued by appellee Fire & Casualty Insurance Company of Connecticut. The policy with appellant provided a $15,000 limit on uninsured motorist coverage and the policy with appellee provided a $10,000 limit on that coverage. It is undisputed that, after "stacking" the limits of the two respective uninsured motorist coverages and deducting therefrom the $10,000 limit of liability coverage available from the owner of the other vehicle, Mrs. Dubberly would be "underinsured" to the extent of $15,000 for any injuries she suffered in the collision. See *Georgia Farm &c. Ins. Co. v. State Farm &c. Ins. Co.*, 173 Ga. App. 844 (328 SE2d 737) (1985), rev'd on other grounds 255 Ga. 166 (336 SE2d 237) (1985); *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185, 186 (1) (345 SE2d 858) (1986). It is also undisputed that, as between the two insurers, it is appellant rather than appellee that actually receives a premium from

Mrs. Dubberly. On this evidence, the trial court held that appellant would be primarily responsible for providing uninsured motorist coverage to Mrs. Dubberly up to the $15,000 limit of its policy. See *Georgia Farm &c. Ins. Co. v. State Farm &c. Ins. Co.*, 255 Ga. 166, supra; *Lewis v. Atlanta Cas. Co.*, supra. Since the $15,000 in "stackable" uninsured motorist coverage otherwise available to Mrs. Dubberly coincided with the $15,000 limit on primary coverage available to her under appellant's policy, the trial court further found that appellee would have no obligation to provide any excess coverage to Mrs. Dubberly under its policy. Accordingly, the trial court granted summary judgment in favor of appellee. It is from this order that appellant appeals.

The sole enumeration is that the trial court erred in granting summary judgment in favor of appellee. In support of this enumeration, the only argument advanced by appellant is predicated upon the existence of the following provision in the policy issued by appellee: "If there is other applicable similar insurance we will pay only our *share of the loss*. Our share is the proportion that our limit of liability bears to the total of all applicable limits." (Emphasis supplied.) Appellant's argument is that the inclusion of this provision in appellee's policy distinguishes the instant case from *Georgia Farm &c. Ins. Co. v. State Farm &c. Ins. Co.*, 255 Ga. 166, supra, and that its inclusion demonstrates that appellee has, as a matter of contract law, agreed to assume responsibility for a pro rata share of the $15,000 in "stackable" uninsured motorist coverage available to Mrs. Dubberly.

The provision in question appears in a contract between appellee, as the insurer, and Mrs. Dubberly, as its insured. It relates to the former's agreement to pay a pro rata share of the latter's *loss*. The provision does not appear in a contract between appellee and appellant. It does not relate to the former's agreement to provide a pro rata share of the *coverage* for which the latter is otherwise legally responsible. Our interpretation of *Georgia Farm &c. Ins. Co. v. State Farm &c. Ins. Co.*, 255 Ga. 166, supra, is that, as to the $15,000 in overall "stackable" uninsured motorist coverage available to Mrs. Dubberly, appellant, as a matter of law, has the obligation to provide primary coverage and, up to its policy limits, to pay benefits accordingly. Since, under the circumstances of the instant case, the $15,000 in "stackable" uninsured motorist coverage available to Mrs. Dubberly also happens to coincide with the exact amount of primary coverage otherwise afforded her under appellant's policy, appellee would have no obligation to provide any excess coverage and, consequently, no obligation to pay any portion of Mrs. Dubberly's loss. It follows that the trial court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 5, 1987 —
REHEARING DENIED JANUARY 27, 1987 —

R. *Stephen Sims*, for appellant.
*Kenneth L. Royal*, for appellee.