GLICKSTEIN, Judge,
dissenting.
I would reverse and remand with direction to prorate the $10,000 between the two insurers.
Georgia Farm Bureau Mutual Insurance Company v. State Farm Mutual Automobile Insurance Company, 255 Ga. 166, 336 S.E.2d 237 (1985), gives no explanation or reasons of any sort why that court reversed what I now conclude to be a logical, reasonable decision by the trial and intermediate appellate courts, the latter decision being reported with the same style as the foregoing at 173 Ga.App. 844, 328 S.E.2d 737 (1985). Judge Pope wrote there:
The statute, OCGA § 33-7-11, provides no guidance for resolution of the issue in this case. Likewise, our research has disclosed no case law which is controlling. However, we find the analysis of Presiding Judge Hall in Southern Home Ins. Co. v. Willoughby, 124 Ga.App. 162, 182 S.E.2d 910 (1971), to be helpful in resolving the issue. In that case this court held: “Where two or more automobile liability insurance policies afford basic coverage, but each contains a clause attempting to either escape from or become merely excess coverage if there is other available insurance, the complete and literal intent of each cannot be given effect. However, the general intent not to be liable for the entire loss is achieved by pro-rating liability as provided by the respective policies.” Id. Presiding Judge Hall noted: “Pro-rating has been criticized as an easy way out which ignores the contractual intent of the parties. Naturally, seeking and then enforcing the intention of the parties, regardless of technical rules of construction, is a cardinal rule. [OCGA § 13-2-3.] But which parties and which intentions must we effect? We surely cannot decide on a case to case basis, depending upon what seem to be the equities among the people involved in the collision. Just as a contract must be read as whole, two or more applicable contracts must be read together in order to arrive at a ‘true interpretation.’ [OCGA § 13-2-2.]” Id. at 166, 182 S.E.2d 910.
While the intent of the policies here clearly is that Farm Bureau shall provide primary uninsured motorist coverage up to $10,000 and State Farm excess coverage of $10,000, neither policy addresses the circumstance of the set-off allowed by OCGA § 33-7-11. Pro-rating the set-off in this case gives at least partial effect to the intent of both insurers, rather than to give complete effect to the intention of one insurer while completely disregarding the intention of the other. That is, pro-rating the set-off between the insurers in this case gives effect to the common intent that State Farm’s excess coverage shall be triggered only to the extent that Farm Bureau’s primary coverage is insufficient to cover plaintiffs loss. “This result is not only equitable, but preferable to some rule which is logically acceptable only when considered in a vacuum.” Id. at 166, 182 S.E.2d 910.
Id. at 847, 328 S.E.2d at 739-740.
Appleman and Couch, both recognized authors in the field of insurance, speak to the specific point of “mutual repugnancy.” Both policies here seek to reduce their respective liability because of recovery from or liability of third parties, which I view as the mutual repugnancy. The majority’s decision in this case picks one insurer at the *920 expense of the other without a viable reason, to me, for picking one or the other.
In 8A Appleman, Insurance Law & Practice, Section 4909 at 399, 403-404 (1981), the author says:
One of the popular approaches to prorating is to say that where one has conflicting excess clauses, they are mutually “repugnant” — in other words, they cannot be excess to each other, since they are identical. It is a sort of “After you Alphonse; no you, Gaston” act which the courts refuse to countenance. This well could be the case where two policies were issued to the same insured even though one contained an excess clause, or where overlapping policies contained no excess provision or both did.
(Footnotes omitted.)
Couch, in his Cyclopedia of Insurance Law, section 62:80 at 551 (1984), says:
Where two or more policies provide coverage for the particular event and all the policies in question contain excess insurance clauses, it is generally held that such clauses are mutually repugnant and must be disregarded, rendering each insurer liable for a prorata share of the judgment or settlement.
(Footnote omitted.)
While not directly on point, see the recent decision of the supreme court in Allstate Insurance Company v. Executive Car and Truck Leasing, Inc., 494 So.2d 487, 489 (Fla.1986), which said:
We must now decide the order of coverage between Commercial and Allstate. Commercial is not entitled to indemnity because it insures the actively negligent party. Policy language will control in those situations in which the right to indemnity does not lie. [Metropolitan Property and Life Insurance Co. v. Chicago Insurance Co.,] 479 So.2d [114] at 116 [ (Fla.1985) ]. The Allstate policy and both Commercial policies contain an “other insurance” clause which states that its policy will be excess over other collectible insurance. The “other insurance” clauses in the respective policies cancel each other out, which results in our apportioning the policies on a pro-rata basis determined by the policy limits in relation to the loss. Motor Vehicle Casualty Co. v. Atlantic National Insurance Co., 374 F.2d 601 (5th Cir.1967); Quinlan Rental and Leasing, Inc. v. Linnel, 484 So.2d 630 (Fla. 2d DCA 1986). However, the Commercial umbrella policy only takes effect after the Allstate and primary Commercial policy are exhausted because “umbrella coverages ... are regarded as true excess over and above any type of primary coverage, excess provisions arising in regular policies in any manner, or escape clauses.” Appleman, Insurance Law and Practice § 4909.85 (1981).
It was interesting to this writer to read the testimony of the expert witness who said that in his experience, to avoid arbitration, he had prorated between companies.
The trial court’s final judgment does not explain its reasons for finding in favor of the insurer, which the majority has also favored by its decision. It expressed its concern, during the trial, with Lumbermen’s lack of knowledge of the excess coverage and with its attendant expectations.