77320. TRAVELERS INDEMNITY COMPANY v. MARYLAND
CASUALTY COMPANY.
(379 SE2d 183)

BEASLEY, Judge.

We granted to Travelers Indemnity Company an interlocutory appeal from the trial court's order on a "Motion for Determination of Issues" filed by Maryland Casualty Company in which the court found that as to the relative obligation between the two insurers to provide underinsured motorist coverage to the insured, Travelers was the primary UM carrier.

Welch was injured in a collision between her vehicle and that driven by Roberson. At the time of the wreck, Welch was performing her delivery job and was driving a vehicle owned by her employer, Don Auld's Prescription Shop, Inc. (Don Auld's). Welch sued Roberson and pursuant to OCGA § 33-7-11 served Maryland and Travelers. Roberson had $15,000 liability coverage under a policy issued by another insurer. Maryland provided $50,000 UM coverage to Welch as a household family member of its named insured, Welch's mother. Traveler's provided $40,000 UM coverage to its named insured, Don Auld's. Under the circumstances, Welch is insured for UM coverage under both policies.

Maryland filed its "Motion for Determination of Issues" seeking a determination that it was not the primary UM carrier and therefore had no duty to pay benefits unless Welch received a judgment in excess of the UM coverage provided by Travelers. An insured is permitted to stack multiple policies of UM coverage where the tortfeasor is minimally insured. OCGA § 33-7-11; *State Farm &c. Ins. Co. v. Hancock*, 164 Ga. App. 32 (295 SE2d 359) (1982). The question is how to apportion between the UM carriers any damages beyond the coverage provided by the liability carrier.

*Ga. Farm &c. Ins. Co. v. State Farm &c. Ins. Co.*, 255 Ga. 166 (336 SE2d 237) (1985) held that in such a situation the insurance company receiving a premium from the injured party would be responsible for compensating the injured party under his or her policy. See also *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185 (345 SE2d 858) (1986). But in this case, the injured plaintiff Welch did not pay a premium for either policy. The premiums were paid by her mother and her employer.

The trial court applied the rationale of *Ga. Farm &c. Ins. Co.*, supra, and concluded that the UM carrier more closely identified with plaintiff Welch should bear the burden of providing primary underin-

sured coverage beyond the liability insurance coverage, and that the carrier more closely identified with Welch was Travelers. The court reasoned that Travelers received its premium from the named insured corporation, Don Auld's; that at the time of the collision Welch was an employee of that named insured and was injured while acting in the course of her employment as a deliveryman; and that Welch, acting as an agent of the corporate named insured and in the course and scope of her employment and while driving a corporate vehicle, in effect was acting as the corporation at least in terms of its insurance coverage. Therefore, it should be primarily responsible for UM coverage rather than Maryland, whose coverage arose because Welch lived at home with her mother, and neither her mother nor any of the vehicles listed on the Maryland policy were involved in the wreck.

The court ordered that if plaintiff Welch was able to prove damages in excess of $15,000, the coverages provided by the Travelers policy would then apply and thereafter the coverages provided by the Maryland policy. The court made no determination as to the amounts of coverage in either policy.

Appellant Travelers contends that the trial court erred in finding that Welch, an employee who was not specifically listed as a named insured under the employer's UM policy with Travelers, in effect was the corporation and thus in effect was the named insured. It further contends that the court erred in failing to find that Welch, a teenager living at home, was more closely identified with Maryland, her mother's individual UM insurer, and thus, in failing to find the Maryland policy would be primary.

We agree with the trial court's threshold determination that the holding of *Ga. Farm &c. Ins. Co.*, supra, should, under the facts at hand, be applied to mean that the primary UM carrier is the one that is more "closely identified" with plaintiff Welch. See Pock, Insurance, 38 Mercer L. Rev. 247, 265 (1986).

The gravamen of appellant's argument that Maryland is more closely identified with Welch is two-pronged. It relies on the closeness of the mother-daughter relationship and on the fact that Welch, as a relative residing in her mother's home, was a "class one" insured under the policy provision, i.e., the policy defined covered persons first as "You or any family member." Thus, appellant urges, Welch was within the same class as the named insured, her mother. In contrast, Welch was "merely a 'class two' insured under her employer's policy with Travelers"; she was not specifically designated as a named insured but was insured because she was occupying a vehicle owned by the named insured, Don Auld's.

While we do not adopt appellant's terminology of a "class one" versus "class two" insured, we find the distinction between a named insured by virtue of family membership and one who is insured

merely because he or she is occupying the covered vehicle at the time of injury to be a useful one and determinative here.

A stated purpose of the Supreme Court's holding in *Ga. Farm &c. Ins. Co.*, supra, was to "simplify such cases in the future." Id. at 167. In order to accomplish this, the Court established the easily ascertainable and risk-measurable criterion of receipt of premium from the injured litigant plaintiff for determining primary UM liability. In a situation such as this where that critical factor is not present, we must look to another or other indicia which similarly will provide a clear rule.

The distinction between a named insured or family-member-named-insured and one who is covered because of merely occupying the named vehicle at the event accomplishes this clarity while also recognizing the legal closeness of identity inherent in the family unit. It, like the factor of premium payment, is a single and uniformly-occurring fact which addresses itself to the relationship of the injured plaintiff to the policy rather than the circumstances of the injury to the policy. This status rather than incident context controls. Although there is no dispute that the injured plaintiff was at the time of injury in the course of her employment, such circumstances are often in dispute and not susceptible of simple resolution. The merely periodic coverage of Welch by the employer's policy makes it more distant than the constant, time-comprehensive coverage afforded to the household member by the mother's policy.

Although we certainly cannot take issue with the trial court's observation that employees and not corporations drive automobiles, we reject the court's conclusion that Welch was in effect the corporation, i.e., the named insured, in terms of its UM coverage. See *Hogan v. Mayor &c. of Savannah*, 171 Ga. App. 671, 672 (2) (320 SE2d 555) (1984); *Anderson v. Ford*, 168 Ga. App. 684, 685 (309 SE2d 854) (1983); *Fowler v. U. S. Fidelity & Guaranty Co.*, 133 Ga. App. 842, 843 (212 SE2d 486) (1975).

We conclude that plaintiff Welch was more "closely identified" with her mother's UM coverage provided by Maryland Casualty Company than the employer's UM coverage provided by Travelers Indemnity Company; therefore, Maryland rather than Travelers is the primary UM carrier.

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 9, 1989 —
REHEARING DENIED FEBRUARY 27, 1989.

*Bouhan, Williams & Levy, James M. Thomas, Peter Muller*, for appellant.

*Hunter, Maclean, Exley & Dunn, Anne C. Marscher, Lee C. Mundell*, for appellee.