A89A1341, A89A1409. CONTINENTAL INSURANCE COMPANY v. SOUTHERN GUARANTY INSURANCE COMPANY; and vice versa.
(388 SE2d 16)

CARLEY, Chief Judge.

While in the course of his employment, Mr. Murray S. Marshall was struck and injured by a vehicle driven by an uninsured motorist. Marshall is the named insured under two policies which provide him with uninsured motorist coverage. One policy was issued to Marshall's employer by Continental Insurance Company (Continental) and has limits of $500,000. The other is Marshall's own personal automobile policy which was issued to him by Southern Guaranty Insurance Company (Southern) and which policy has limits of $100,000. When Marshall filed suit against the uninsured motorist, both Continental and Southern were served with copies of the complaint and each filed an answer in its own name.

Subsequently, Continental and Southern filed cross-motions for summary judgment on the issue of the extent of Marshall's uninsured motorist coverage. The trial court found that the two policies were "stackable" and that Marshall was provided with a total of $600,000 in uninsured motorist coverage. However, the trial court also found that the $600,000 in stackable uninsured motorist coverage should be prorated, with Continental bearing responsibility for five-sixths of any judgment that might be returned against the uninsured motorist and Southern bearing responsibility for one-sixth of any such judgment. In Case No. A89A1341, Continental appeals from the order of the trial court on the cross-motions for summary judgment. In Case No. A89A1409, Southern cross-appeals from that order.

*Case No. A89A1341*

1. In *Georgia Farm &c. Ins. Co. v. State Farm &c. Ins. Co.*, 255 Ga. 166 (336 SE2d 237) (1985), the Supreme Court held that the proration of stackable coverage as between uninsured motorist carriers is not viable. Instead, the Supreme Court held that "[t]he insurance

company receiving a premium from [the injured insured] will be [initially] responsible for compensating [the insured] under [his] policy." *Georgia Farm &c. Ins. Co. v. State Farm &c. Ins. Co.*, supra at 167. Subsequent cases have uniformly held that proration is inappropriate and that it is the carrier that receives a premium from the injured insured that bears initial responsibility for compensating him up to its policy limits. See *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185, 186 (1) (345 SE2d 858) (1986); *Ford v. Ga. Farm &c. Ins. Co.*, 191 Ga. App. 735 (382 SE2d 659) (1989). Where receipt of a premium from the injured insured is shown to exist, it is controlling to the exclusion of consideration of any other factors which might be otherwise present. "A stated purpose of the Supreme Court's holding in *Ga. Farm &c. Ins. Co.*, supra, was to 'simplify such cases in the future.' [Cit.] In order to accomplish this, the court established the easily ascertainable and risk-measurable criterion of receipt of premium from the injured [insured] for determining primary [uninsured motorist] liability. [It is only] [i]n a situation . . . where that critical factor is not present . . . [that] we must look to another or other indicia which similarly will provide a clear rule. . . . [T]he factor of premium payment . . . is a single and uniformly-occurring fact which addresses itself to the relationship of the injured [insured] to the policy rather than the circumstances of the injury to the policy. This status rather than incident context controls." *Travelers Indem. Co. v. Md. Cas. Co.*, 190 Ga. App. 455, 457 (379 SE2d 183) (1989).

Here, as in *Georgia Farm &c. Ins. Co.*, supra, it is undisputed that Marshall is afforded uninsured motorist coverage under the Southern policy and that the premium for that policy was paid by himself. "Although there is no dispute that [Marshall] was at the time of injury in the course of [his] employment, such circumstances are often in dispute and not susceptible of simple resolution. The merely periodic coverage of [Marshall] by [his] employer's policy [with Continental] makes it more distant than the constant, time-comprehensive coverage afforded to [him] by [his own personal] policy [with Southern]." *Travelers Indem. Co. v. Md. Cas. Co.*, supra at 457. Accordingly, the trial court erred in prorating the stackable uninsured motorist coverage and further erred insofar as it failed to hold that Continental was the excess carrier with responsibility for compensating Marshall up to its $500,000 policy limit only upon the exhaustion of the $100,000 limit of Southern's primary policy.

2. A contrary holding is not mandated by the appearance in the Southern policy of a clause whereby Southern agreed to pay only its proportional share of Marshall's loss "if there is other applicable similar insurance. . . ." See *Allstate Ins. Co. v. Fire &c. Ins. Co. of Conn.*, 181 Ga. App. 610 (353 SE2d 38) (1987).

*Case No. A89A1409*

3. Southern enumerates as error the trial court's proration of the stackable uninsured motorist coverage and its failure to hold that Continental was the primary carrier. As we have held in the main appeal, although the trial court did err in prorating the stackable uninsured motorist coverage, it also erred insofar as it failed to hold that Continental was *not* the primary carrier. It necessarily follows that, although the trial court's order must be reversed as to the proration issue, it must be affirmed as to the denial of Southern's cross-motion for summary judgment on the primary carrier issue. As a matter of law, there can be no proration of stackable uninsured motorist coverage. Under the circumstances of this case, Southern is the primary carrier and Continental is the excess carrier.

*Judgment reversed in Case No. A89A1341. Judgment affirmed in part and reversed in part in Case No. A89A1409. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 20, 1989 —
REHEARING DENIED NOVEMBER 6, 1989 — 

*Brannen, Searcy & Smith, Leesa A. Bohler*, for appellant.
*Patrick T. O'Connor, Jeffery L. Arnold, Karsman, Brooks & Callaway, Kran Riddle*, for appellee.