## A95A2066. SOUTHERN GUARANTY INSURANCE COMPANY v. PREMIER INSURANCE COMPANY.

(465 SE2d 521)

SMITH, Judge.

The parties to this appeal are uninsured motorist (UM) carriers disputing priority of coverage. Granting summary judgment to Premier Insurance Company (Premier), the trial court found that Southern Guaranty Insurance Company (Southern Guaranty) provided primary UM coverage to Saundra and Gerald Buckner for an automobile accident occurring between Ms. Buckner and Marc Golgan. Southern Guaranty appeals. For the reasons discussed below, we affirm.

The parties stipulated to the following facts: Ms. Buckner and Marc Golgan were involved in an automobile accident in March 1990. Golgan carried insurance with limits of $15,000. Gerald Buckner, Ms. Buckner's husband, was a named insured under a policy of motor vehicle insurance issued by Premier. The automobile driven by Ms. Buckner was not listed as a covered vehicle under this policy. Drivers insured under the policy were Gerald, Saundra, and Kimberly Buckner. Southern Guaranty had issued a policy of motor vehicle liability coverage to Dance Expressions, a dance school owned and operated by Ms. Buckner as a sole proprietor. Covered vehicles under the policy included the Datsun Ms. Buckner was driving when the collision occurred. Gerald Buckner owned the Datsun and paid the insurance premiums on it as well as on the other vehicles listed on the policies issued by both Southern Guaranty and Premier. The Datsun was Ms. Buckner's personal vehicle which she "drove all the time."

Parties may stack multiple uninsured and underinsured motorist insurance policies "where the tortfeasor is minimally insured." *Travelers Indem. Co. v. Maryland Cas. Co.*, 190 Ga. App. 455 (379 SE2d 183) (1989). Here, as in *Travelers*, the issue "is how to apportion between the UM carriers any damages beyond the coverage provided by the liability carrier." Id. In *Travelers*, this court identified two methods of determining priority of coverage: (1) the "receipt of premium" test; and (2) the "more closely identified with" test. Id. at 455-456. The parties do not dispute that the receipt of premium test is inapplicable here because Gerald Buckner paid premiums on both policies. Relying on *Travelers*, Southern Guaranty contends that Ms. Buckner was more closely identified with Gerald Buckner, the named insured under the policy issued by Premier, than with Dance Expressions, the named insured under its policy. Although the facts in *Travelers* are similar in some respects to the facts of this case, we disagree with this contention.

The insured in *Travelers*, Welch, was employed by a corporation and was driving her employer's automobile while making a delivery on behalf of the corporation when she was involved in an accident. Id.

at 455. The corporation (as opposed to a sole proprietorship) was the named insured under a policy issued by Travelers. Id. A policy issued by Maryland Casualty Company (Maryland) to Welch's mother provided coverage to Welch as a household member. Id. Welch did not pay premiums for either policy, so, as here, the receipt of premium test did not determine priority of UM coverage. Id. This Court held that Welch was more closely identified with the policy issued by Maryland to her mother than that issued by Travelers. Id. at 457. We found "the distinction between a named insured by virtue of family membership and one who is insured merely because he or she is occupying the covered vehicle at the time of injury to be a useful one and determinative here." Id. at 456-457. This distinction "addresses itself to the relationship of the injured plaintiff to the policy rather than the circumstances of the injury to the policy. This status rather than incident context controls." Id. at 457.

Under *Travelers*, then, we must examine Ms. Buckner's status, or her relationship to the policies of insurance, to determine the policy with which she is more closely identified and hence which policy provides primary coverage. In *Travelers*, we rejected the trial court's finding that the insured, Welch, was "in effect the corporation." Id. at 457. There is a material distinction, however, between the facts of this case and those in *Travelers*: The business to which Southern Guaranty issued the UM coverage, Dance Expressions, is a sole proprietorship rather than a corporation. *Purcell v. Allstate Ins. Co.*, 168 Ga. App. 863 (310 SE2d 530) (1983) is instructive and persuasive regarding the identity of a "named insured" for a sole proprietor doing business under a trade name. "A trade name is merely a name assumed or used by a person recognized as a legal entity. A judgment against one in an assumed or trade name is a judgment against him as an individual. An undertaking by an individual in a fictitious or trade name is the obligation of the individual." (Citations and punctuation omitted.) Id. at 866. Clearly, the obligations one incurs while using a trade name are individual obligations. See *Samples v. Ga. Mut. Ins. Co.*, 110 Ga. App. 297, 299 (138 SE2d 463) (1964). A corporation, however, unlike a sole proprietorship, is a distinct entity, one "capable of being the named insured in an insurance policy." *Pa. Lumbermens Mut. Ins. Co. v. Haney*, 189 Ga. App. 216, 217 (1) (375 SE2d 293) (1988). See also *Bernard v. Nationwide Mut. Fire Ins. Co.*, 206 Ga. App. 519, 520 (1) (426 SE2d 29) (1992) (distinction between corporation and sole proprietorship recognized).

Even though Gerald Buckner owned the Datsun and paid the premiums on both policies and Ms. Buckner was a family member, we are not persuaded by Southern Guaranty's argument that she "shares a closer relationship with her husband than with her employer" and is therefore more closely related to the policy issued to Gerald Buckner.

It is undisputed that Dance Expressions was a sole proprietorship and that Ms. Buckner owned and operated the business. Saundra Buckner's "employer" was Saundra Buckner. Any obligations incurred on behalf of Dance Expressions were individual obligations. Conversely, any benefits to Dance Expressions inured to the benefit of Saundra Buckner. Dance Expressions simply was not a distinct entity capable of being the true named insured on the contract. Compare *Haney*, supra, 189 Ga. App. at 217. Ms. Buckner was not merely "occupying the covered vehicle," *Travelers*, supra, 190 Ga. App. at 457, but was in effect the "named insured" under the policy issued by Southern Guaranty. It defies logic to hold that she shared a closer relationship with her husband than with herself. The trial court correctly granted summary judgment to Premier.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 8, 1995.

*William P. Tinkler, Jr., Deana L. Simon*, for appellant.
*Bovis, Kyle & Burch, Charles M. McDaniel, Jr., Crim & Bassler, Thomas S. Bechtel, Kim G. Meyer*, for appellee.