A96A2063. CANAL INSURANCE COMPANY v. MERCHANT et al.
(483 SE2d 311)

SMITH, Judge.

This vehicular accident litigation appears for the second time before this Court. In *Northbrook Property &c. Ins. Co. v. Merchant*, 215 Ga. App. 273 (450 SE2d 425) (1994), we addressed issues concerning uninsured motorist coverage under OCGA § 33-7-11 (b) (1) and setoff for workers' compensation benefits.[1] In this appeal, we must apply the principles established in *Travelers Ins. Co. v. Maryland Cas. Co.*, 190 Ga. App. 455 (379 SE2d 183) (1989), and *Southern Guaranty Ins. Co. v. Premier Ins. Co.*, 219 Ga. App. 413 (465 SE2d 521) (1995), to determine which of two uninsured motorist carriers provides "primary" coverage. For the reasons stated below, we conclude that the trial court erred in designating appellant as the pri-

---

[1] In the previous appearance of this case, we held that the trial court correctly denied summary judgment to Northbrook on the issue of whether the individual appellees are "insureds" under Northbrook's policy. We concluded that the facts present a jury issue as to appellees' "use" of the insured vehicles at the time of the collision. See *Northbrook*, supra, 215 Ga. App. at 274-275 (1).

mary carrier, and we reverse.

The facts relevant to our analysis are not in dispute. Appellant Canal Insurance Company insured an independently-owned tractor-trailer that broke down while hauling chicken feed to Claxton Poultry Company. Claxton dispatched two company vehicles, both insured by Northbrook Property & Casualty Company, and four individual appellees, all employees of Claxton, to transfer the chicken feed from the disabled vehicle. While the transfer was in progress, a minimally insured and intoxicated driver drove into the transfer site, injuring the individual appellees.

When more than one source of uninsured or underinsured motorist coverage is available, claimants may "stack" the policies, but the priority of the multiple UM carriers must be determined. To assist in this task, Georgia courts have used two tests: the "receipt of premium" test and the "more closely identified with" test. *Southern Guaranty*, supra at 413; *Travelers*, supra at 455-456. Because it is undisputed that appellees did not pay a premium for either policy, the first test is inapplicable. *Travelers*, supra at 455. We must therefore examine appellees' status, or their relationship to the policies of insurance, to determine the policy with which they are more closely identified and hence which policy provides primary coverage. *Southern Guaranty*, supra at 414.

The trial court concluded that Canal's insured vehicle was "more closely identified with" the injured parties because it was the "center of all the activities and the reason for all other parties being at the scene." But the "more closely identified" test does not focus on the relationship between the circumstances of the *collision* and a particular policy of insurance; it looks instead to the relationship of the injured *party* to the policy. As noted in both *Travelers* and *Southern Guaranty*, supra, this distinction "addresses itself to the relationship of the injured plaintiff to the policy rather than the circumstances of the injury to the policy. This status rather than incident context controls." *Travelers*, supra at 457; see also *Southern Guaranty*, supra at 414.

Applying the test correctly, the relationship between the individual appellees and Canal clearly does not meet this standard. Other than the circumstances of the injury and appellees' status as injured persons claiming under Canal's policy, no relationship exists between Canal and appellees. The Northbrook policy, in contrast, was issued to appellees' employer, Claxton; appellees therefore have a connection with that policy through their employer.

In *Travelers* and *Southern Guaranty*, the competing considerations were between an individual or family relationship with a policy and an employment relationship with a policy. In both those cases, the individual or family relationship was considered to be more

closely identified with the claimant. Here, in contrast, the competing considerations are an employment relationship with the policy and no relationship at all, whether individual, family, contractual, or employment. Under these circumstances, the "more closely identified" test establishes Northbrook, rather than Canal, as the primary uninsured motorist carrier, and the trial court erred in holding otherwise.

*Judgment reversed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 14, 1997 —
RECONSIDERATION DENIED MARCH 4, 1997.

*McNatt, Greene & Thompson, Troy L. Greene,* for appellant.
*Killian & Boyd, Robert P. Killian,* for appellees.