A02A2315. GREAT DIVIDE INSURANCE COMPANY v. SAFECO INSURANCE COMPANY.
(580 SE2d 313)

SMITH, Chief Judge.

In this case, we are called upon to decide the priority between two companies providing uninsured motorist benefits to an injured insured. Applying the relevant tests used to determine the priority of "stacked" uninsured or underinsured motorist coverage, we conclude that the "more closely identified with" test shows that the trial court correctly determined the priority of coverage. We therefore affirm.

David Vangiller brought an action against Daniel David Sallinen and Morris Communications[1] seeking damages for injuries Vangiller sustained in a motor vehicle collision. Vangiller alleged that Sallinen was employed by Morris Communications and that Sallinen negligently drove from the shoulder of the road into the path of the dump truck he was driving, causing the vehicles to collide. Sallinen had no automobile insurance coverage, and Vangiller claimed uninsured motorist benefits under two insurance policies, one issued by Safeco Insurance Company, and one issued by Great Divide Insurance Company. The policies were substantively identical insofar as they established primary and secondary responsibility to provide coverage when "other" uninsured motorist insurance was available. Both policies state, first, that primary coverage will be provided under the policy providing uninsured motorist coverage to the insured "as a named insured." Both policies then state that secondary coverage will be provided under the policy providing uninsured motorist coverage to the vehicle the insured was occupying at the time of the accident. Great Divide and Safeco moved for summary judgment. The trial court denied Great Divide's motion and granted summary judgment to Safeco on the ground that Vangiller "is more closely related to the policy issued by Great Divide Insurance Company and that Great Divide Insurance Company is initially obligated to provide uninsured motorist insurance coverage." Great Divide appeals.

---

[1] Morris Communications was granted summary judgment on the ground that Sallinen was an independent contractor.

In Georgia, "stacking" uninsured or underinsured motorist coverage is permissible, "but the priority of the multiple UM carriers must be determined." *Canal Ins. Co. v. Merchant*, 225 Ga. App. 61, 62 (483 SE2d 311) (1997). To this end, two tests are used to establish coverage priority among carriers: the "receipt of premium" test and the "more closely identified with" test. The receipt of premium test is first used to determine priority of coverage. If priority cannot be determined under this test, the more closely identified with test is applied. Id. Vangiller paid premiums to both Safeco and Great Divide. Consequently, the receipt of premium test is unavailing. See *Southern Guaranty Ins. Co. v. Premier Ins. Co.*, 219 Ga. App. 413, 414 (465 SE2d 521) (1995). We therefore turn to the more closely identified with test to determine which policy provides primary coverage.

Great Divide argues that Safeco's policy was issued to Vangiller as the named insured and therefore should provide primary coverage. But in effect, both policies were issued to Vangiller personally, because the Great Divide policy was issued to "Vangiller Trucking, David Vangiller d/b/a." The business was a sole proprietorship, indistinguishable from David Vangiller personally. *Southern Guaranty Ins. Co.*, supra. This court has stated that "the relationship of the injured plaintiff to the policy rather than the circumstances of the injury" controls this issue. *Travelers Indem. Co. v. Maryland Cas. Co.*, 190 Ga. App. 455, 457 (379 SE2d 183) (1989). But because both policies were, in effect, issued to Vangiller as the named insured, and because both policies contain virtually identical language concerning the priority of coverage, we *must* look at the circumstances of the injury to determine priority of coverage. Vangiller was, as appellee argues, "operating his dump truck in furtherance of his pecuniary interests at the time of" the accident. The trial court therefore did not err in finding that Vangiller was more closely identified with the Great Divide policy. The trial court's order granting summary judgment to Safeco and denying summary judgment to Great Divide is therefore affirmed.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED MARCH 25, 2003 —

*Drew, Eckl & Farnham, Andrew D. Horowitz, Hall F. McKinley III*, for appellant.

*Ellis, Painter, Ratterree & Bart, Sarah B. Akins, Ray C. Smith*, for appellee.