A03A0791. CLARENDON NATIONAL INSURANCE COMPANY
v. SLEDGE.
(583 SE2d 514)

ADAMS, Judge.

This appeal involves the respective liabilities of two insurance companies, Clarendon National Insurance Company and Fidelity & Guaranty Insurance Underwriters, Inc., and United States Fidelity & Guaranty Company ("USF&G"), which provided uninsured or underinsured motorist benefits to an injured insured. All of the involved parties filed cross-motions for partial summary judgment. The superior court determined that the policies afforded equal priority of uninsured motorist coverage and should be prorated. For the following reasons we conclude that the superior court erred, and we reverse the judgment and remand the case in accordance with this opinion.

The undisputed facts in the record establish that this lawsuit arose from a January 1999 automobile accident between Rebecca Piner and Wilson Sledge. Sledge sued Piner for injuries he claimed from the accident, and simultaneously served Clarendon and USF&G, as his uninsured motorist carriers.

At the time of the accident, Sledge had a personal policy with USF&G. Wilson Sledge was the named insured on the policy and paid the premiums on it. He was driving the Chevrolet Blazer, which was listed on the policy as an insured vehicle at the time of the accident.

During the same time period, Sledge's business, a sole proprietorship called "Sledge Automotive Service & Sledge Towing, W. H. Sledge D/B/A" was insured under a commercial policy with Clarendon. This policy provided commercial garage and auto coverage, insuring Sledge's business of "used car sales." Sledge paid the premiums for the Clarendon policy with Sledge Automotive & Towing checks; this account was separate from Sledge's personal account. At the time of the accident, Sledge was towing a car for his business.

As stated above, in ruling on the cross-motions for partial summary judgment, the superior court determined that the policies would be prorated. The court reached this conclusion after determining that the applicable tests for resolving the coverage issue did not

answer the question posed by this case; thus, it held that the Clarendon and USF&G policies provided Sledge with "equal priority of uninsured motorist coverage."

Clarendon argues that the trial court erred in prorating the applicable policies and that it improperly applied the applicable tests for determining priority of UM coverage. Given the context of this case, we agree.

> In *Georgia Farm &c. Ins. Co. v. State Farm &c. Ins. Co.*, 255 Ga. 166 (336 SE2d 237) (1985), the Supreme Court held that the proration of stackable coverage as between uninsured motorist carriers is not viable. Instead, the Supreme Court held that "the insurance company receiving a premium from the injured insured will be initially responsible for compensating the insured under his policy."

(Citation and punctuation omitted.) *Continental Ins. Co. v. Southern Guaranty Ins. Co.*, 193 Ga. App. 395-396 (1) (388 SE2d 16) (1989).

In *Canal Ins. Co. v. Merchant*, 225 Ga. App. 61, 62 (483 SE2d 311) (1997), the court explained further:

> When more than one source of uninsured or underinsured motorist coverage is available, claimants may "stack" the policies, but the priority of the multiple UM carriers must be determined. To assist in this task, Georgia courts have used two tests: the "receipt of premium" test and the "more closely identified with" test.

(Citations omitted.) Id. at 62.

The receipt of premium test is inapplicable here because Sledge paid the premiums on both policies. Although the check for the Clarendon policy came from a separate business account with the business's name of Sledge Automotive & Towing on the checks, the superior court correctly concluded that there was no legally recognizable distinction for this purpose between Sledge's personal and sole proprietorship accounts. See generally *Miller v. Harco Nat. Ins. Co.*, 274 Ga. 387, 391 (3) (552 SE2d 848) (2001).

Accordingly, we turn to the "more closely identified with" test. Ordinarily, under this test, we look to "the relationship of the injured plaintiff to the policy rather than the circumstances of the injury to the policy. This status rather than incident context controls." *Travelers Indem. Co. v. Maryland Cas. Co.*, 190 Ga. App. 455, 457 (379 SE2d 183) (1989).

Nevertheless, the circumstances of this case are quite similar to those involved in *Great Divide Ins. Co. v. Safeco Ins. Co.*, 260 Ga. App. 531 (580 SE2d 313) (2003) (application for certiorari pending). In

that case, as here, one of the UM policies had been issued to the insured personally and one had been issued to his sole proprietorship. Citing *Travelers Ins. Co. v. Maryland Cas. Co.*, 190 Ga. App. at 457, the court found that the sole proprietorship was indistinguishable from the insured personally. Thus, although the court recognized that "the relationship of the injured plaintiff to the policy rather than the circumstances of the injury" controlled the issue, the court also recognized the impossibility of resolving this question when both policies, in effect, were issued to the same named insured. The court stated that because the policies were issued to the same person and because both policies contained "virtually identical language concerning the priority of coverage, we *must* look at the circumstances of the injury to determine priority of coverage." *Great Divide Ins. Co. v. Safeco Ins. Co.*, 260 Ga. App. at 532. In that case, the insured was "operating his dump truck in furtherance of his pecuniary interests at the time of the accident," and accordingly, the court found that the trial court did not err in finding that he was "more closely identified" with the policy that had been issued on his sole proprietorship. (Punctuation omitted.) Id.

Similarly, in this case, Sledge was towing a car in furtherance of his pecuniary interests at the time of the accident. This is an indication that he was "more closely identified" with the policy on his sole proprietorship, Clarendon. Nonetheless, the relevant insurance policies are not contained in the record, and in their absence, we are unable to definitely conclude that the Clarendon policy provided primary uninsured or underinsured coverage.

Accordingly, we reverse the superior court's order prorating the respective liabilities and remand the case so that the superior court can review the applicable insurance policies and enter judgment in accordance with this opinion.

*Judgment reversed and case remanded. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 13, 2003 — 

*Downey & Cleveland, Sean L. Hynes, Hall, Booth, Smith & Slover, Terrell W. Benton III*, for appellant.

*Sell & Melton, Mitchel P. House, Jr., Julia H. Magda*, for appellee.