A05A2197. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY v. PROGRESSIVE BAYSIDE INSURANCE COMPANY.
(628 SE2d 177)

JOHNSON, Presiding Judge.

The issue in this case is the priority of two insurance policies providing uninsured or underinsured motorist coverage. Because the trial court failed to correctly determine the priority of coverage, we reverse the trial court's summary judgment order.

On November 23, 2003, Andrew Morgenthal was riding his 2001 Yamaha motorcycle when he collided with a GMC Sierra pickup truck driven by Jose Sanchez. Morgenthal was injured in the collision. He demanded payment for his injuries from Sanchez's motor vehicle insurer.

Morgenthal also demanded payment from his two uninsured or underinsured motorist carriers. At the time of the collision, Morgenthal's motorcycle was insured under a policy issued by Progressive Bayside Insurance Company. Morgenthal is the named insured under that policy, which provides uninsured or underinsured motorist coverage in the amount of $50,000.

Also at the time of the collision, Morgenthal had an automobile insurance policy issued by Nationwide Mutual Fire Insurance Company. That policy did not insure Morgenthal's motorcycle, but insured

a 1996 Chevrolet Geo Prizm and a 2001 Chevrolet Impala. Morgenthal is a named insured, as is his wife, under that policy, which contains uninsured or underinsured motorist coverage in the amount of $300,000.

Nationwide filed a complaint for declaratory relief against Morgenthal and Progressive. In the complaint, as well as in Progressive's answer to the complaint, both insurance companies agree that Morgenthal's two uninsured or underinsured motorist coverages apply to the collision. But they disagree as to how the coverage of each policy applies.

Nationwide and Progressive thus filed competing motions for summary judgment. In its motion, Nationwide asserted that Progressive's policy should provide primary uninsured or underinsured motorist coverage and that Nationwide's policy would then provide any excess coverage. Progressive, however, argued that the total of $350,000 in available uninsured or underinsured motorist coverage — $50,000 from Progressive and $300,000 from Nationwide — should be prorated, with Progressive being liable for only 1/7th of the coverage and Nationwide being liable for 6/7th of the coverage.

The trial court agreed with Progressive and entered an order granting Progressive's summary judgment motion while denying Nationwide's summary judgment motion. The trial court expressly ruled that the $350,000 in uninsured or underinsured motorist coverage should be prorated between the two insurance companies.

Nationwide appeals from that order. It argues that the trial court erred in ruling that the uninsured or underinsured motorist coverage should be prorated. We agree that the trial court should not have prorated the coverage.

Georgia courts have held that the proration of coverage between uninsured or underinsured motorist carriers is inappropriate.[1] Instead, "[w]hen more than one source of uninsured or underinsured motorist coverage is available, claimants may 'stack' the policies, but the priority of the multiple UM carriers must be determined. To assist in this task, Georgia courts have used two tests: the 'receipt of premium' test and the 'more closely identified with' test."[2] The "receipt of premium" test is applied first, but if priority of coverage cannot be determined from this test, then the "more closely identified with" test is used.[3]

---

[1] *Continental Ins. Co. v. Southern Guaranty Ins. Co.*, 193 Ga. App. 395, 396 (388 SE2d 16) (1989).

[2] (Citations omitted.) *Canal Ins. Co. v. Merchant*, 225 Ga. App. 61, 62 (483 SE2d 311) (1997).

[3] *Great Divide Ins. Co. v. Safeco Ins. Co.*, 260 Ga. App. 531, 532 (580 SE2d 313) (2003).

Under the "receipt of premium" test, the insurance company that received a premium from the injured insured is deemed to be primarily responsible for providing uninsured or underinsured motorist coverage.[4] In the instant case, the "receipt of premium" test does not resolve the question of priority of coverage because Morgenthal paid premiums to both Nationwide and Progressive.[5] We therefore turn to the "more closely identified with" test.

Under this test, the insurance policy with which Morgenthal is more closely identified shall provide primary uninsured or underinsured motorist coverage.[6] This test focuses on the relationship of the injured party to the policy rather than the circumstances of the injury.[7] But as both Nationwide and Progressive agree, such a focus does not resolve the issue here because Morgenthal's relationship to each of their policies is identical in that he is a named insured on each policy.[8]

Since both policies were issued to Morgenthal as a named insured, we must look to the circumstances of the injury to determine the policy with which he is most closely identified and thus the priority of coverage.[9] The most obvious and pertinent circumstance of the injury is that it occurred while Morgenthal was operating his motorcycle, which is the vehicle insured by the Progressive policy but not insured by the Nationwide automobile policy. Based on that critical circumstance, we conclude that Morgenthal is more closely identified with the Progressive policy, and we therefore hold that Progressive is the primary uninsured or underinsured motorist carrier.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[10] The undisputed facts in the present case establish that Nationwide is entitled to summary judgment as a matter of law and that Progressive is not. Accordingly, the trial court's order granting summary judgment to Progressive and denying summary judgment

---

[4] *Ga. Farm &c. Ins. Co. v. State Farm &c. Ins. Co.*, 255 Ga. 166, 167 (336 SE2d 237) (1985).

[5] See *Great Divide*, supra.

[6] See *Travelers Indem. Co. v. Maryland Cas. Co.*, 190 Ga. App. 455, 456-457 (379 SE2d 183) (1989).

[7] *Canal Ins. Co.*, supra.

[8] See *Great Divide*, supra.

[9] See *Clarendon Nat. Ins. Co. v. Sledge*, 261 Ga. App. 661, 663 (583 SE2d 514) (2003); *Great Divide*, supra.

[10] (Citation omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

to Nationwide, based on its finding that the uninsured or underinsured motorist coverage should be prorated, is erroneous and must be reversed.[11] The trial court is hereby directed to issue an order consistent with this opinion.

*Judgment reversed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED MARCH 7, 2006.

*Temple, Strickland, Dinges & Schwartz, William A. Dinges,* for appellant.

*Shur, McDuffie, Williams & Morgan, Michael L. Morgan,* for appellee.