A07A1919. DAIRYLAND INSURANCE COMPANY v. STATE FARM AUTOMOBILE INSURANCE COMPANY.
(656 SE2d 560)

JOHNSON, Presiding Judge.

Margaret Orion sued Tony McKibbon for injuries caused when McKibbon's car rear-ended Orion's Jeep. State Farm Automobile Insurance Company and Dairyland Insurance Company, which provided motor vehicle insurance coverage for Margaret Orion and her husband Zhawn Orion, became parties to the action. After McKibbon's insurer paid out his policy's limit of $25,000, the Orions combined or "stacked" the uninsured motorist coverage provided in their four automobile policies for $100,000 in potential coverage. Under OCGA § 33-7-11 et seq., however, the available coverage is to be reduced by amounts received by reason of payment of other claims. At issue in this case is which of the Orions' two providers of uninsured motorist coverage is entitled to receive the $25,000 set-off allowed by

---

Georgia law. Under the circumstances presented here, we hold that the trial court did not err in dividing the set-off equally between the two insurers.

The Jeep was insured with State Farm with $25,000 of uninsured motorist coverage. Margaret and Zhawn Orion were both listed as insureds for the Jeep. The Orions also owned three other vehicles at the time of the accident: a Plymouth Neon, a Chevrolet Impala, and a Harley-Davidson motorcycle. The Neon was insured by a State Farm policy issued to both the Orions, the Impala was insured by a State Farm policy issued only to Zhawn Orion, and the motorcycle was insured by a Dairyland policy issued only to Zhawn Orion. Each policy had uninsured motorist coverage limits of $25,000.

Under Georgia law, when more than one source of uninsured motorist coverage is available, claimants may stack the policies, but the priority of the multiple uninsured motorist carriers regarding which has primary responsibility for coverage must be determined.[1] To assist in this task, Georgia courts use three tests: the "receipt of premium" test, the "more closely identified with" test, and the "circumstances of the injury" test.[2] Under the "receipt of premium" test, the insurer that receives a premium from the injured insured is deemed to be primarily responsible for providing coverage.[3] Under the "more closely identified with" test, the policy with which the injured party is most closely identified must provide primary coverage.[4] If neither of those tests is helpful in a particular case, the courts look to the circumstances of the injury to see which policy provides primary coverage.[5] Courts may also look to "other insurance" clauses in the contracts for resolution of the priority issue.[6] And, where OCGA § 33-7-11 provides no guidance for the resolution of the priority issue, the court may fashion a rule to fill the void.[7]

The parties agree that the Orions' four policies stack to provide the Orions with $100,000 of potential uninsured motorist coverage, that the liability coverage provides a $25,000 set-off, and that the set-off reduces the $100,000 amount to $75,000 of available uninsured motorist coverage. The parties disagree only as to which insurer is entitled to the benefit of the set-off.

State Farm paid Margaret Orion $50,000 ($25,000 under the Jeep policy and $25,000 under the Neon policy). State Farm argued

---

[1] *Canal Ins. Co. v. Merchant*, 225 Ga. App. 61, 62 (483 SE2d 311) (1997).

[2] Id.

[3] Id.

[4] Id.

[5] Id.

[6] See *Southern Home Ins. Co. v. Willoughby*, 124 Ga. App. 162 (182 SE2d 910) (1971).

[7] *Ga. Farm &c. Ins. Co. v. State Farm &c. Ins. Co.*, 255 Ga. 166, 167 (336 SE2d 237) (1985).

on summary judgment that the remaining $25,000 responsibility should be shared by the State Farm Impala policy and the Dairyland policy, because none of the tests for priority resolves the set-off issue in this case. Dairyland argued that it was entitled to have the $25,000 set-off fully applied against its policy as the "most remote" or more distant policy, noting that the policy only covered the motorcycle and Zhawn Orion, neither of which was involved in the accident. The trial court granted State Farm's motion for summary judgment and denied Dairyland's motion, applying $12,500 of the set-off to the State Farm Impala policy, and $12,500 of the set-off to the Dairyland motorcycle policy. Dairyland appeals. We affirm.

Dairyland contends the trial court erred in ordering proration of the set-off when Georgia law does not allow it. In fact, Dairyland urges, Georgia law expressly prohibits proration of uninsured motorist benefits.[8]

We hold that the trial court fashioned a proper remedy in this case. The "receipt of premium" test is of no avail, since premiums for both policies were paid from the same joint funds.[9] The "more closely identified with" test is not dispositive since the injured insured is similarly connected with the policies on the Impala and the motorcycle. Contrary to Dairyland's argument, the "more closely identified with" test is not about the injured insured's relationship to the *vehicles*, but to the *policies*.[10] The "circumstances of the injury" test is not instructive because neither the Impala nor the motorcycle was involved in the collision. Finally, the "other insurance" provisions of the policies are nearly identical, and fail to resolve the matter.[11] Inasmuch as none of these tests resolves the priority issue, the court correctly "fashion(ed) a rule to fill the void."[12]

We do not agree with Dairyland that proration can never be an appropriate remedy. In those cases in which the courts stated that

---

[8] See *Continental Ins. Co. v. Southern Guaranty Ins. Co.*, 193 Ga. App. 395, 396 (1) (388 SE2d 16) (1989).

[9] Compare *Ga. Farm &c. Ins. Co.*, supra.

[10] *Canal Ins. Co.*, supra.

[11] Dairyland's "other insurance" clause provides:
We'll pay only our share of any damages. Our share is determined by adding up the limits of this insurance and any other insurance that applies on the same basis and finding the percentage of the total which our limits represent. That percentage is applied to the amount of damages which doesn't exceed the highest limit of any one such policy. When this insurance is excess and all other insurance is primary, we'll pay damages up to the amount by which this insurance exceeds the limits of the primary insurance.
(Emphasis omitted.) State Farm's policy provides: "If more than one policy applies as excess, we are liable only for our share. Our share is that percent of the damages in excess of the primary coverage that the limit of liability of this policy bears to the total of all uninsured motor vehicle coverage that applies to the accident as excess coverage."

[12] *Ga. Farm &c. Ins. Co.*, supra.

proration of stackable coverage is not appropriate, it was determined that one of the other tests applied.[13] In fact, one of those cases stated that the lower courts "certainly reached an equitable result" in prorating the offset equally between two uninsured motorist carriers, but that the "receipt of premium" test resolved the matter and provided a simpler method for deciding priority in future cases.[14] Unfortunately, none of the tests which resolved the priority issue in those cases resolves the issue here. Accordingly, the trial court did not err in fashioning as a reasonable remedy, in this particular case, the equal division of the offset between the third and fourth insurance carriers.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 17, 2008.

*Eason, Kennedy & Crawford, Richard B. Eason, Jr., David S. Crawford*, for appellant.

*Beck, Owen & Murray, William M. Dallas III, Janice M. Wallace*, for appellee.

---

[13] See *Continental Ins. Co.*, supra at 396 (proration improper where one carrier received a premium from injured insured); *Nationwide &c. Ins. Co. v. Progressive &c. Ins. Co.*, 278 Ga. App. 73, 74-75 (628 SE2d 177) (2006) (proration inappropriate where insured most closely identified with policy covering motorcycle, which he operated at time of injury); *Clarendon Nat. Ins. Co. v. Sledge*, 261 Ga. App. 661, 662 (583 SE2d 514) (2003) (proration inappropriate where there was evidence injured insured was more closely identified with one policy).

[14] *Ga. Farm &c. Ins. Co.*, supra at 167.